554 A.2d 625

Franklin L. Castle, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 9, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Franklin L. Castle*, petitioner, for himself.

*Robert A. Greevy*, Chief Counsel, with him, *Arthur R. Thomas*, Assistant Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, February 23, 1989:

Franklin L. Castle (Petitioner) has filed a petition for review and an application for summary relief in this court's original jurisdiction against the Pennsylvania Board of Probation and Parole (Board) seeking declaratory and injunctive relief. The Board has filed a preliminary objection in the nature of a demurrer. For the reasons set forth below, we sustain the Board's preliminary objection, deny Petitioner's application for summary relief, and dismiss Petitioner's petition for review.

Petitioner is currently serving a life sentence for second degree murder[1] at a state correctional institution, and has served approximately thirteen (13) years of this sentence. Petitioner has also served approximately eleven (11) years on a concurrent life sentence for assault, which he committed while incarcerated on the original conviction. On March 23, 1988, Petitioner submitted an inmate request slip to the correctional institution parole officer, requesting to be staffed for parole. On March 24, 1988, the parole officer informed Petitioner that he could not be listed for parole staffing because of his life sentence. Petitioner then sent a letter to the Board request-

---

[1] Second degree murder is defined as a criminal homicide committed while the defendant was engaged as a principal or an accomplice in the perpetration of a felony. 18 Pa. C. S. §2502(b). Section 1102(b) of the Crimes Code, 18 Pa. C. S. §1102(b) provides: "A person who has been convicted of murder of the second degree shall be sentenced to a term of life imprisonment."

ing to be staffed for parole, which request the Board refused by letter dated April 6, 1988. This proceeding was thereafter filed in this court on April 14, 1988.

In this case of first impression, Petitioner contends that he is entitled to apply for parole and have his application considered by the Board by virtue of 42 Pa. C. S. §9756(c)(1-3). Petitioner asserts that this section creates a statutory right of parole eligibility for life prisoners convicted of any offense other than first degree murder and certain summary offenses. Further, Petitioner argues that in the absence of a statute establishing a minimum sentence for prisoners serving life sentences for offenses other than first degree murder, a minimum sentence of one (1) day should be implied. Finally, Petitioner contends that, assuming this court determines that he is eligible to apply for parole, the Board has violated his due process rights by refusing to consider him for parole.

The Board, in its preliminary objection in the nature of a demurrer, asserts that Petitioner has failed to state a claim upon which relief can be granted, alleging that because Petitioner is serving a life sentence, the Board cannot consider him for parole because it can only parole an individual after the expiration of a minimum term of imprisonment and Petitioner's minimum term is life. The Board also argues that Petitioner is essentially challenging the legality of his sentence and that he is not entitled to declaratory relief with respect to this challenge in an action against the Board.

Initially, we note that a preliminary objection in the nature of a demurrer will be sustained only where a complaint is clearly insufficient to establish any right to relief; any doubt must be resolved in favor of the pleader. *County of Allegheny v. Commonwealth of Pennsylvania*, 507 Pa. 360, 490 A.2d 402 (1985). A demurrer admits as true all well-pleaded facts. *Department of General Ser-*

*vices v. Celli-Flynn,* 115 Pa. Commonwealth Ct. 494, 540 A.2d 1365 (1988).

In considering Petitioner's prayer for summary relief, we are mindful that summary relief may not be granted unless the moving party is entitled to judgment as a matter of law. *See Aiken v. Radnor Township Board of Supervisors,* 83 Pa. Commonwealth Ct. 190, 476 A.2d 1383 (1984). For summary relief to be granted, it must be clear that there are no issues of material fact and any doubt must be resolved in favor of the non-moving party. *See Wolgemuth v. Kleinfelter,* 63 Pa. Commonwealth Ct. 395, 437 A.2d 1329 (1981). With the above standards of review in mind, we now turn to Petitioner's application for summary relief and the Board's preliminary objection.

The Board contends that Petitioner has failed to state a claim upon which relief can be granted, alleging that Petitioner cannot be paroled until the expiration of the minimum term of his sentence.[2] The Board asserts that Petitioner's life sentence has a *minimum* term of life and, that, therefore he will never be eligible for parole. Petitioner contends that his life sentence is a *flat maximum* sentence and that, in the absence of a statute fixing a minimum term for second degree murder, a minimum of

---

[2] Section 21 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §333.21, provides in pertinent part:

The board is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board, except convicts condemned to death or serving life imprisonment, whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby. The power to parole herein granted to the Board of Parole may not be exercised in the board's discretion at any time before, but only after, the expiration of the minimum term of imprisonment fixed by the court in its sentence. . . .

one day should by implied.[3] In ruling upon the Board's preliminary objection, then, the first issue which we must address is whether Petitioner's life sentence for second degree murder constitutes a minimum sentence or a flat maximum with an implied minimum of one day.

The legislature has provided that a person convicted of second degree murder *shall* be sentenced to a term of life imprisonment. 18 Pa. C. S. §1102(b). Under principles of statutory construction, the word "shall" in a statute is generally regarded as mandatory, rather than directory. *City of Pittsburgh v. Haffner,* 80 Pa. Commonwealth Ct. 53, 471 A.2d 116 (1984). We also note that, in contrast, the legislature has provided that, in determining the sentence to be imposed, a court shall, *except where a mandatory minimum sentence is otherwise provided by law,* consider and select one or more of the

---

[3] Under section 6 of the Act of June 19, 1911, P.L. *as amended, formerly* 19 P.S. §1057, repealed by section 2a of the Act of April 28, 1978, P.L. 202, a trial court was required to specify the maximum and minimum terms of a sentence. Case law interpreting this section provided that where the trial court failed to specify a minimum sentence, a minimum of one day was implied. *See Commonwealth v. Ulbrick,* 462 Pa. 257, 341 A.2d 68 (1975). However, in *Commonwealth v. Sourbeer,* 492 Pa. 17, 422 A.2d 116 (1980), the Pennsylvania Supreme Court addressed the conflict between former 19 P.S. §1057 and section 1102(b) of the Crimes Code, 18 Pa. C. S. §1102(b) (mandating a life sentence for second degree murder), and found section 1102(b) controlling as the later enacted statute. The current sentencing code requires a trial court, when imposing a sentence of total confinement, to specify the maximum period of the sentence as well as a minimum term, which is not to exceed one-half of the maximum sentence. 42 Pa. C. S. §9756(a-b). 42 Pa. C. S. §9756 was transferred to Title 42 from 18 Pa. C. S. §1356 by the Act of October 5, 1980, P.L. 693. 18 Pa. C. S. §1356 was enacted by the Act of December 30, 1974, P.L. 1052. While we recognize that 42 Pa. C. S. §9756(b) was enacted after 18 Pa. C. S. §1102(b), for the reasons discussed in the opinion, we conclude that a trial court is not required by section 9756(b) to state a minimum sentence less than a life sentence when sentence is imposed under section 1102(b).

following alternatives: probation, a determination of guilt without further penalty, partial confinement, total confinement, or a fine. 42 Pa. C. S. §9721(a). Section 9721 also states that, in selecting from the foregoing alternatives, the court shall balance the need to protect the public, the gravity of the offense as it relates to the impact on the life of the victim as well as the community, and the rehabilitative needs of the defendant. 42 Pa. C. S. §9721(b). Construing these two provisions together, we conclude that by enacting section 1102(b), the legislature intended to remove a trial court's discretion to impose a lesser sentence in the case of a defendant convicted of second degree murder.[4]

Petitioner asserts that section 1102(b) does not state a minimum term, contending that, unlike the mandatory minimum sentences for offenses committed with firearms, offenses committed on public transportation, and sentences for second and subsequent offenses, section 1102(b) fails to employ the words "not less than" or "at least." *See* 42 Pa. C. S. §§9712-9714.[5] However, a minimum sentence has been defined as the least severe sentence which may be imposed. Black's Law Dictionary 898 (5th ed. 1979). As noted above, section 1102(b) states that the sentence of life imprisonment *shall* be imposed for the offense of second degree murder. A sentencing

---

[4] We recognize that 42 Pa. C. S. §9721 was enacted approximately nine months after the enactment of 18 Pa. C. S. §1102(b). However, our construction gives effect to the provisions of both statutes. *See* 1 Pa. C. S. §1932 (statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things; statutes in pari materia shall be construed together, if possible, as one statute).

[5] Section 9712 pertaining to offenses committed with firearms was enacted by the Act of December 30, 1974, P.L. 1052. Sections 9713 and 9714 pertaining to offenses committed on public transportation and second and subsequent offenses, respectively, were enacted by the Act of March 8, 1982, P.L. 169.

court *may not* sentence a second degree murderer to a lesser term. Accordingly, we conclude that the absence of the magic words "not less than" or "at least" does not render Petitioner's sentence something other than a mandatory minimum.

Petitioner contends that notwithstanding the mandate of section 1102(b), he is entitled to apply for parole by virtue of 42 Pa. C. S. §9756(c), alleging that this provision establishes parole eligibility for persons serving life sentences for all offenses other than first degree murder and certain summary offenses. Section 9756(c) provides in pertinent part:

> Except in the case of murder of the first degree, the court may impose a sentence to imprisonment without the right to parole only when:
>
> (1) a summary offense is charged;
>
> (2) sentence is imposed for nonpayment of fines or costs, or both, in which case the sentence shall specify the number of days to be served; and
>
> (3) the maximum term or terms of imprisonment imposed on one or more indictments to run consecutively or concurrently total less than 30 days.

42 Pa. C. S. §9756(c). As noted above, the Board refused to consider Petitioner for parole because he was serving a life sentence. Section 21 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §333.21, prohibits the Board from paroling life prisoners. Petitioner contends that 42 Pa. C. S. §9756(c) impliedly repeals that prohibition insofar as it relates to prisoners serving life sentences for offenses *other than* first degree murder because section 9756(c) was enacted after both 18 Pa. C. S. §1102(b) and section 21, 61 P.S. §333.21.[6] Petitioner asserts that

---

[6] Petitioner makes the alternative argument that section 21, 61 P.S. §333.21 is consistent with 42 Pa. C. S. §9756(c). Petitioner

the prohibition against parole for the enumerated offenses creates a right to parole in all other cases not addressed by the above provision.

However, we note that section 9756 does not have as its stated purpose the creation of eligibility for parole nor does it refer to the power of the Board to parole, but states only what a *trial court* may or may not do when imposing a sentence in certain instances. Section 21, 61 P.S. §333.21, specifically prohibits the *Board* from paroling a prisoner condemned to death or life imprisonment. In addition, section 21 prohibits the Board from paroling any prisoner before the expiration of the minimum term of a sentence. There is a presumption against implied repeal; only if a later law is irreconcilable may it be held to effect a repeal by implication. *Pittsburgh v. Public Utility Commission*, 3 Pa. Commonwealth Ct. 546, 284 A.2d 808 (1971). Because the above statutes are not clearly irreconcilable, we conclude that 42 Pa. C. S. §9756(c) does not impliedly repeal section 21, 61 P.S. §333.21. We hold that section 9756(c) does not affirmatively create a right to apply for parole enforceable before the Board in this case. As a matter of law, therefore, Petitioner has not demonstrated entitlement to summary relief.

---

asserts that at the time section 21 was enacted, only first degree murder carried a possible penalty of death or life imprisonment. Prior to 1974, only two degrees of murder were recognized—first degree murder and second degree murder, which encompassed all murders other than first degree. The present definition of second degree murder found in section 2502(b) of the Crimes Code, 18 Pa. C. S. §2502(b) was enacted by the Act of March 26, 1974, P.L. 213. This act both re-classified the crime of murder into three degrees and established the mandatory life sentence for second degree murder. Petitioner contends that in enacting 61 P.S. §333.21, the legislature did not intend to prohibit parole in cases of second degree murder as that crime is now defined.

Accordingly, we sustain the Board's preliminary objection, deny Petitioner's application for summary relief, and dismiss Petitioner's petition for review.

ORDER

AND NOW, February 23, 1989, the preliminary objection of the Pennsylvania Board of Probation and Parole in the above-captioned matter is sustained, Petitioner's application for summary relief is denied, and Petitioner's petition for review is dismissed.