615 A.2d 1316

**COMMONWEALTH of Pennsylvania**

v.

**Jon E. YOUNT, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1992.

Filed Sept. 21, 1992.

Reargument Denied Nov. 23, 1992.

See also 455 Pa. 303, 314 A.2d 242.

Jon E. Yount, appellant, pro se.

George P. Smeal, Clearfield, for appellee.

Before CIRILLO, KELLY and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Clearfield County which dismissed appellant's petition for relief under the Post Conviction Relief Act. For the reasons that follow, we affirm.

The trial court concisely summarized the lengthy procedural history of this case as follows:

Jon E. Yount was convicted in 1966 of First Degree Murder and Rape following trial by jury. On direct appeal, the Pennsylvania Supreme Court reversed on the basis that Yount had not received adequate warnings under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Following retrial in which the rape charge was dropped, Yount was again convicted of First Degree Murder and sentenced to life imprisonment. This conviction was affirmed by the Supreme Court of Pennsylvania in 1974. 455 Pa. 303, 314 A.2d 242.

In 1981 Yount filed a Petition for Writ of Habeas Corpus in the U.S. District Court claiming that his conviction was obtained in violation of his 5th and 14th Amendment rights to a fair trial by an impartial jury. All other claims were deleted from Yount's Petition after the District Court determined that they had not been presented to state courts for initial consideration. The matter was appealed through various Federal Courts until finally the conviction was affirmed by the U.S. Supreme Court in 1984. *Patton v. Yount,* 467 U.S. 1025, 104 S.Ct. 2885, 81 L.Ed.2d 847.

In 1985 Yount filed a Post Conviction Hearing Act Petition raising the several issues deleted from his Federal Habeas Corpus Petition. The Post Conviction Hearing Act Court ruled after hearing that the issues had been waived by Yount. New counsel was appointed and Yount filed a Notice of Appeal from this decision, but shortly thereafter he escaped from Rockview State Correctional Institution. The Commonwealth filed a Motion to Dismiss the appeal while Yount was still at large which the Court granted pursuant to *Commonwealth v. Tomlinson,* 467 Pa. 22, 354 A.2d 254 (1976).

Following his recapture, Yount filed a second Post Conviction Hearing Act Petition claiming ineffective assistance of counsel and at the same time filed a Motion to Recuse the presiding judge, Honorable John K. Reilly, Jr., President Judge, and Honorable John A. Cherry, Senior Judge. The Post Conviction Hearing Act Court dismissed the Petition for the reason that the issues raised therein had already been disposed of on appeal to the Superior Court. Yount appealed this decision claiming that first, the Court erred in holding that the issues raised in the Petition were disposed of by the Superior Court; second, that the Order of the lower court dismissing his Petition was void because of documented prejudice of the Court; third, that Post Conviction Hearing Act counsel was ineffective in failing to petition for the recusal of the judge and other alleged instances of incompetence; fourth, that Post Conviction Hearing Act appellate counsel was ineffective for failing to seek a continuance in the Superior Court after Yount became a fugitive;

fifth, that the Court erred in dismissing the issues without a hearing at which Yount could be represented by counsel; and sixth, that the Court erred in refusing to recuse Judges Reilly and Cherry.

On October 23, 1989, the Superior Court affirmed the Order of the trial court dismissing Yount's second Petition for Post Conviction Collateral Relief and thereafter, Yount appealed for [allocatur] to the Supreme Court of Pennsylvania, which was denied.

On March 22, 1991, Yount filed a third Petition under the Post Conviction Relief Act again raising the claim of ineffective assistance of counsel. He also claims that the imposition of sentence of life imprisonment without any explicit or implied minimum sentence precluding parole eligibility is an illegal sentence under Pennsylvania law.

Trial Court Opinion dated October 18, 1991 at 1–3. The trial court held that appellant had waived his claim of ineffective assistance of counsel, but addressed the merits of appellant's argument concerning the legality of his sentence. Once again, the trial court denied appellant's petition for post conviction relief and this timely appeal followed.

Appellant raises the following issues for our review:

I. Did the Post Conviction Relief Court err in denying appellant's claim that his sentence of life imprisonment, as imposed by the court without a discretionary minimum term and the parole eligibility it engenders, is an illegal sentence requiring modification to a sentence of "one day to life imprisonment"?

II. Did the Post Conviction Relief Court err in denying appellant's claim that his sentence of imprisonment for life, as imposed by the court absent the legality and individualized treatment inherent in a minimum term and engendered parole eligibility required by statute, is unconstitutional thus requiring amending to a sentence of "one day to life imprisonment"?

We will address these issues in order.

First, appellant contends that the trial court illegally sentenced him to life imprisonment. At the outset, we note that a

claim challenging the legality of a sentence is one that can never be waived. *Commonwealth v. Diamond*, 376 Pa.Super. 485, 546 A.2d 628, 631 n. 3 (1988). *See, e.g., Commonwealth v. Hollawell*, 413 Pa.Super. 42, 604 A.2d 723, 725 (1992) (trial court possesses the inherent power to correct a lawful sentence at any time); *Commonwealth v. Ragoli*, 362 Pa.Super. 390, 402 n. 7, 524 A.2d 933, 939 n. 7 (1987) ("The issue of the propriety and manner in which the sentence was imposed is one which may be raised sua sponte by an appellate court.").

■ The essence of appellant's argument is that a sentence of "life imprisonment" is illegal under Pennsylvania statute because it fails to impose a minimum term. Interestingly, appellant alternately focuses his analysis on the statutes which governed at the time of his sentencing, and the statutes in their present form. Although the current statutes were not in effect at the time of appellant's sentencing, we note that they are strikingly similar to their repealed counterparts.

Appellant was convicted of first degree murder. The statute under which appellant was sentenced provided, in pertinent part:

> Whoever is convicted of the crime of murder of the first degree is guilty of a felony and shall be sentenced to suffer death in the manner provided by law, or to undergo imprisonment for life at the discretion of the jury trying the case, which shall, in the manner hereinafter provided, fix the penalty[.]

18 P.S. § 4701. This statute was repealed and recodified at 18 Pa.C.S.A. § 1102. The statute now reads as follows:

> **(a) Murder of the first degree.**—A person who has been convicted of a murder of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with section 1311(d) [now 42 Pa.C.S.A. § 9711] of this title (relating to sentencing procedure for murder of the first degree).

18 Pa.C.S.A. § 1102. Because the death penalty was not in

effect at the time of appellant's sentencing,[1] the trial court sentenced appellant to life imprisonment.

On the date of appellant's sentencing, the courts were also required to specify the maximum and minimum sentence imposed for a crime punishable by imprisonment in a state penitentiary. 19 P.S. § 1057 (repealed). Section 1057 provided, in pertinent part:

"[T]he court, instead of pronouncing upon such convict a definite or fixed term of imprisonment, shall pronounce upon such convict a sentence of imprisonment for an indefinite term: Stating in such sentence the minimum and maximum limits thereof; and the maximum limit shall never exceed the maximum time now or hereafter prescribed as a penalty for such offense; and the minimum shall never exceed one-half of the maximum sentence prescribed by any court."

*Id.* The substance of this statute may now be found in Title 42 of the Pennsylvania Consolidated Statutes which provides, in part:

### § 9756. Sentence of total confinement

**(a) General rule.**—In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in correctional or other appropriate institution.

**(b) Minimum sentence.**—The court shall impose a minimum sentence of confinement which shall not exceed one half of the maximum sentence imposed.

42 Pa.C.S.A. § 9756(a) and (b). Both the repealed and current statutes require (1) the stating of a minimum penalty; and (2) the imposition of life imprisonment for first degree murder. Therefore, appellant's arguments and our analysis

---

1. Applying the United States Supreme Court's holding in *Furman v. Georgia*, 403 U.S. 952, 91 S.Ct. 2282, 29 L.Ed.2d 863 (1971), the Pennsylvania Supreme Court declared the Act of June 24, 1939, P.L. 872, § 701, *as amended,* 18 P.S. § 4701 unconstitutional. *Commonwealth v. Bradley,* 449 Pa. 19, 295 A.2d 842 (1972). Subsequently, in order to meet the requirements of *Furman,* the Pennsylvania Legislature enacted 42 Pa.C.S. § 9711.

thereof, are pertinent to both the repealed and current versions of the statutes.

Our extensive research reveals only one case in which a first degree murderer argues that the trial court's failure to impose a minimum sentence constituted error. In *Commonwealth v. Manning*, 495 Pa. 652, 435 A.2d 1207 (1981), the appellant, sentenced to life imprisonment pursuant to 18 Pa.C.S.A. § 1102(a), alleged that the trial court erred in not imposing a minimum sentence. The Pennsylvania Supreme Court, without detailing appellant's argument, disposed of appellant's claim as being "without merit." Because our Supreme Court provided no further elaboration regarding the specific arguments raised by appellant, or the rationale behind the dismissal of appellant's contention, we must treat the question as one of first impression.

Appellant contends that the trial court improperly and illegally failed to state a minimum sentence and cites our Supreme Court's holding in *Commonwealth v. Ulbrick*, 462 Pa. 257, 341 A.2d 68 (1975) in support. In *Ulbrick*, the defendant was convicted of two counts of second degree murder. At that time, the legislature had divided murder into two classifications:

> All murder perpetrated by poison or lying in wait, or any wilful, deliberate or premeditated murder or murder which is committed in the perpetration of certain felonies is murder in the first degree. Every other kind of murder is murder in the second degree.

*Commonwealth v. Bowden*, 456 Pa. 278, 283, 309 A.2d 714, 717 (1973). For a first offense, the penalty for murder in the second degree was a term of imprisonment *not exceeding* twenty years and/or a fine of not more than ten thousand dollars ($10,000). Act of June 24, 1939, P.L. 872, § 701, *as amended*, 18 P.S. § 4701 (repealed). The trial court sentenced Ulbrick to twenty years imprisonment. Our supreme court held that this sentence, without a stated minimum, implied a minimum sentence of one day. *Commonwealth v. Ulbrick*, 462 Pa. at 258–59, 341 A.2d at 69.

Appellant would suggest that under *Ulbrick,* a trial court seeking to impose a minimum of life imprisonment must sentence a first degree murderer to "not less than" life imprisonment, "nor more than" life imprisonment. Without these "magic words," a minimum sentence of one day is presumed. We find only one similarity between the *Ulbrick* case and the case at bar. In both cases, the trial court did not impose a minimum sentence pursuant to 19 P.S. § 1057 (repealed). However, the sentencing provisions in *Ulbrick* vastly differ from the provisions applicable to appellant's crime of first degree murder.

The rules of statutory construction have not changed since appellant's sentencing. It is black letter law that a court must construe the words of a statute according to their plain meaning. 46 P.S. § 533 (repealed and recodified at 1 Pa. C.S.A. § 1903(a)); *Commonwealth v. Kimmel,* 523 Pa. 107, 110, 565 A.2d 426, 427 (1989); *Commonwealth v. Stanley,* 498 Pa. 326, 335, 446 A.2d 583, 587 (1982). When the words of a statute are unambiguous, they are not to be disregarded under the pretext of pursuing the spirit of the statute. 46 P.S. § 551 (repealed and recodified at 1 Pa.C.S.A. § 1921(a)). Additionally, it is equally well-settled that the legislature does not intend a result that is absurd, contradictory or unreasonable. 46 P.S. § 552(1) (repealed, now 1 Pa.C.S.A. § 1922(1)); *Commonwealth v. Zdrale,* 530 Pa. 313, 608 A.2d 1037 (1992); *Commonwealth v. Kates,* 452 Pa. 102, 110, 305 A.2d 701, 705 (1973).

The sentencing statute in *Ulbrick* mandated only that the sentence not exceed twenty years imprisonment thereby allowing the trial court discretion in imposing a minimum sentence. The statute under which appellant was sentenced, 18 P.S. § 4701 (repealed), is both clear and unambiguous. The statute provided that a person "convicted of the crime of murder of the first degree ... *shall be sentenced* to ... undergo imprisonment for life...." 18 P.S. § 4701 (emphasis added). The statute, by its express terms, mandates life imprisonment for first degree murderers.

Contrary to appellant's arguments, the mandatory nature of the penalty is affirmed by the language employed by the legislature in 42 Pa.C.S.A. § 9756(c), which provides as follows:

> **(c) Prohibition of parole.**—*Except in the case of murder of the first degree,* the court may impose a sentence of imprisonment without the right to parole only when:
>
> (1) a summary offense is charged;
>
> (2) sentence is imposed for nonpayment of fines or costs, or both, in which case the sentence shall specify the number of days to be served; and
>
> (3) the maximum term or terms of imprisonment imposed on one or more indictments to run consecutively or concurrently total less than 30 days.

42 Pa.C.S.A. § 9756(c) (emphasis added). Appellant graciously acknowledges that "at first blush, [this section] appears to deny the right to parole to those serving life sentences for that particular offense[.]" Appellant's Brief at 25. Appellant contends, however, that the uniqueness of the sentence for first degree murder requires further study. Appellant insists that because first degree murder carries a penalty of "death" as an alternative, section 9756(c) recognizes only the absurdity of parole from a death sentence. Under appellant's analysis, the exception "in the case of murder of the first degree," prohibits parole only for those sentenced to death.

█ Again, applying the rules of statutory construction, the parole statute is clear and unambiguous. The statute clearly provides an exception "in the case of murder of the first degree." 42 Pa.C.S.A. § 9756(c). Despite appellant's arguments to the contrary, we conclude that the statute unequivocally bars all parole for first degree murderers whether the sentence is life or death.

The Commonwealth Court has considered a similar argument raised in the context of an application for summary relief against the Board of Probation and Parole. In *Castle v. Pennsylvania Board of Probation and Parole*, 123 Pa. Cmwlth. 570, 554 A.2d 625 (1989), *allocatur denied*, 523 Pa. 650, 567 A.2d 653 (1989), the appellant challenged the life

sentence imposed pursuant to 18 Pa.C.S.A. § 1102(b) for second degree murder. Although not binding on this court, we are guided by the sound reasoning espoused by the Honorable Madeline Pallidino.

The petition in *Castle* argued that the life sentence for second degree murder is a *"flat maximum* sentence and that, in the absence of a statute fixing a minimum term for second degree murder, a minimum of one day should be implied." *Id.*, 123 Pa.Cmwlth. at 573, 554 A.2d at 627. The petitioner contended that because 18 Pa.C.S.A. § 1102 did not employ the words "not less than" or "at least," the section did not set a minimum term. The Commonwealth Court dismissed the petitioner's argument and stated:

> [A] minimum sentence has been defined as the least severe sentence which may be imposed. Black's Law Dictionary 898 (5th ed. 1979). As noted above, section 1102(b) states that the sentence of life imprisonment *shall* be imposed for the offense of second degree murder. A sentencing court may not sentence a second degree murderer to a lesser term. Accordingly, we conclude that the absence of the magic words "not less than" or "at least" does not render Petitioner's sentence something other than a mandatory minimum.

*Id.*, 123 Pa.Cmwlth. at 575–76, 554 A.2d at 628 (emphasis in original).

Similar to the sentence for second degree murder analyzed in *Castle*, the repealed 18 P.S. § 4701 and the current 18 Pa.C.S.A. § 1102 both mandate that a trial court not imposing the death penalty sentence a person convicted of first degree murder to life imprisonment. Under the clear wording of the statute, the sentencing court may not sentence a first degree murderer to a lesser term. Accordingly, we agree with our sister court and conclude that the absence of the magic words "not less than" or "at least" does not render appellant's sentence something other than a mandatory minimum.

Appellant next challenges the constitutionality of the penalty of life imprisonment without opportunity for parole. Unfortunately, appellant's argument is a series of unsupported

and disjointed assertions. Appellant begins his argument by setting forth the relevant sentencing provisions as dispositive of the legislature's intent to grant prisoners a liberty interest in "the consideration of his record and character, as well as the circumstances of the offense, when sentenced to life imprisonment." Appellant's Brief at 34. Our scrutiny of the sentencing statutes does not reveal such a legislative intent. The statutes, as set forth *supra*, clearly and unambiguously required the sentencing court to sentence appellant to life imprisonment, notwithstanding evidence of aggravating or mitigating circumstances.

Obviously anticipating our resolution of the first issue, appellant asserts that "[t]he judiciary has usurped the constitutionally-delegated authority of the legislature to create law, in this case, by interpreting laws which are fair on their face in a manner that engenders a discriminatory result not intended by the General Assembly." Appellant's Brief at 35. Again, in light of our analysis of the clear and unambiguous language of the sentencing statutes, appellant's assertion is meritless. The language of the statute allows for no other interpretation.

Finally, appellant contends that the "guarantee of equal protection mandates that lifers cannot be denied the same protection of law enjoyed by offenders in other classes— that is, individualized treatment in sentencing[.]" *Id.* at 35. The selection of the penalty of life imprisonment, being a legislative determination, carries a strong presumption of validity, and of constitutionality. *Commonwealth v. Middleton*, 320 Pa.Super. 533, 544, 467 A.2d 841, 846 (1983). Arguably, the mandatory sentence of life imprisonment for first degree murderers not sentenced to death precludes the consideration of aggravating or mitigating circumstances. However, this court has upheld the constitutional validity of such a sentence under the United States and Pennsylvania Constitutions. *Commonwealth v. Waters*, 334 Pa.Super. 513, 483 A.2d 855 (1984), *cert. denied*, 471 U.S. 1137, 105 S.Ct. 2679, 86 L.Ed.2d 697 (1985).

The Eighth Amendment requirement for individualized consideration of offender and crime in capital cases has not been

extended to noncapital cases. *Id.*, 334 Pa.Super. at 525–26, 483 A.2d at 861. Accordingly, we fail to see how appellant has been denied his right to equal protection under the law. "The legislature, in enacting this statute, has given all offenders in noncapital first-degree murder cases the same punishment: the removal of the offender from society for the remainder of his life. This is constitutionally valid." *Id.*, 334 Pa.Super. at 526, 483 A.2d at 861–62. We find, therefore, that appellant's sentence does not violate the equal protection clauses of either the United States or the Pennsylvania Constitution.

Order affirmed.