J. S45027/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD KELLY, | : | |
| | : | |
| Appellant | : | No. 1786 WDA 2015 |

Appeal from the PCRA Order October 29, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0008384-1993

BEFORE: OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 12, 2016**

Appellant, Richard Kelly, appeals *pro se* from the Order entered by the Allegheny County Court of Common Pleas dismissing his "Writ of *Habeas Corpus*" as an untimely third Petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts, as summarized in this Court's memorandum decision disposing of Appellant's Second PCRA Petition, are as follows:

> On June 26, 1993, Kelly and Edward L. Domes ("Domes"), Kelly's brother and co-defendant in this matter, attended a party at an apartment in the Blair Heights housing project in Allegheny County. Carl Bracey ("Bracey") was also present. An altercation ensued between Domes and Bracey, after which Bracey left the apartment. Domes and Kelly followed, and the argument continued outside in a courtyard with Domes and Bracey

---

[*] Retired Senior Judge Assigned to the Superior Court.

engaging in a fist-fight. As the struggle escalated the two men landed on the ground with Bracey on top of Domes. Both men continued to beat each other. Eyewitnesses testified that, at that point, Kelly drew a gun, held it to Bracey's neck, and ordered him to get off of Domes. When Bracey complied, Domes stood up and also brandished a gun. Testimony revealed that Domes and Kelly fired a total of three or four shots at Bracey when Bracey turned to run. Bracey fell to the ground and Domes and Kelly fled the scene. Bracey was confirmed dead shortly thereafter. No weapons or bullets were recovered from the scene.

Following a jury trial, on May 17, 1999, Kelly and Domes were convicted of first-degree murder, 18 Pa.C.S.A. § 2502(a). Kelly was sentenced to life imprisonment. This Court affirmed the judgment of sentence on September 7, 2000.

On October 5, 2001, Kelly, represented by counsel, filed his first PCRA petition. On April 5, 2002, he amended his petition, and on May 31, 2002 the Commonwealth filed an answer. On June 11, 2002, the Court of Common Pleas of Allegheny County (the "PCRA court") issued a notice of intention to dismiss Kelly's petition, and by order dated September 3, 2002 it dismissed the case without a hearing. On October 3, 2002, Kelly filed a *pro se* notice of appeal with this Court and new counsel was appointed. By order and memorandum dated January 6, 2004, this Court affirmed the trial court's decision. By order dated January 10, 2005, the Supreme Court of Pennsylvania denied Kelly's petition for allowance of appeal.

On October 31, 2005, Kelly *pro se* filed a second PCRA petition. Counsel was appointed and an amended petition was filed on May 17, 2006. In this petition, Kelly argues that evidence discovered after his retrial entitles him to a new trial. Specifically, Kelly claims that while incarcerated he met another inmate, Marland Nelson ("Nelson"), who said he witnessed the incident and that Nelson saw a third person, Carlotto Neal, shoot Bracey. On January 26, 2007, the PCRA court conducted an evidentiary hearing, at which Kelly, Domes, and Nelson all testified. By order dated May 30, 2007, the PCRA court dismissed the PCRA petition.

***Commonwealth v. Kelly***, No. 1049 WDA 2007, unpublished memorandum at 1-3 (Pa. Super. filed April 18, 2008) (footnote omitted).

Appellant filed an appeal, and we affirmed the PCRA court's Order on April 18, 2008. ***Id***. at 5. Our Supreme Court denied Appellant's Petition for Allowance of Appeal on August 22, 2008. ***Commonwealth v. Kelly***, 955 A.2d 356 (Pa. 2008).

On July 27, 2015, Appellant filed the instant *pro se* "Petition for Writ of *Habeas Corpus*," which the PCRA court treated as his third PCRA Petition. On October 29, 2015, the PCRA court denied Appellant's Petition without a hearing. Appellant filed a timely Notice of Appeal on November 9, 2015. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following four issues on appeal verbatim:

(1) Did the Common Pleas Court erred in construing or dismissing Petitioner's Writ of Habeas Corpus Ad Subjiciendum as a Post Conviction Relief Act petition?

(2) Did the Commonwealth create a procedural due process of law violation by lodging the criminal charge of 18 Pa. C.S.A. § 2501 Criminal Homicide?

(3) Did the Court have statutory authorization to instruct the Jury on First Degree Murder where Petitioner's trial was not deemed a capital case?

(4) Did the Court have statutory authorization to impose a sentence of life imprisonment sua sponte?

Appellant's Brief at 8.

The PCRA court properly addressed Appellant's Petition for Writ of *Habeas Corpus* as a PCRA Petition. The PCRA is the sole means by which a

defendant may obtain collateral relief. 42 Pa.C.S. § 9542. It subsumes the remedy of *habeas corpus* with respect to remedies offered under the Post-Conviction Relief Act. **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations omitted).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on October 9, 2000. Because Appellant filed the instant Petition in July 2015, over 14 years after his Judgment of Sentence became final, it is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can explicitly plead and prove one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (applying sixty-day timeframe after reviewing specific facts that demonstrated the claim was timely raised).

Here, Appellant does not assert a timeliness exception. Rather, he asserts that "the legality of the sentence [is] a non-waivable matter." Appellant's Brief at 16. Appellant does not develop this argument in his brief, and Appellant cites no legal authority to support his conclusory statement. As such, this limited untimeliness argument is waived for lack of development. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Spotz*, 18 A.3d 244, 282 (Pa. 2011). Moreover, as a matter of law, Appellant's assertion is incorrect.

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Appellant must present an illegal sentencing claim in a timely PCRA petition over which we have jurisdiction. *See id*. at 223.

Here, Appellant's Judgment of Sentence became final on October 9, 2000, upon expiration of the time to file a Petition for Allowance of Appeal

with the Pennsylvania Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3). Appellant needed to submit all PCRA Petitions by October 9, 2001. Appellant filed this PCRA Petition on July 27, 2015, well after the one-year deadline. After concluding that Appellant failed to plead and prove the applicability of one of the timeliness exceptions, the PCRA court properly dismissed Appellant's PCRA Petition as untimely without a hearing.[1]

The PCRA court's dismissal is supported by the evidence of record and free of legal error. After a careful review of the parties' arguments and the record, we affirm.[2]

Order affirmed. Jurisdiction relinquished.

---

[1] "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. Sneed**, 45 A.3d 1096, 1106 (Pa. 2012) (quotation and citation omitted). Appellant did not raise a genuine issue of fact and the trial court did not abuse its discretion in dismissing the Petition without a hearing.

[2] We do not address the merits of Appellant's second, third, and fourth issues because we do not have jurisdiction. Even if we could address them, they would fail. Appellant's second and third issues should have been raised on direct appeal. They are not cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)-(4); 42 Pa.C.S. § 9544(b). With respect to Appellant's fourth issue challenging the court's authority to impose a life sentence, we direct Appellant to 18 Pa.C.S. § 1102(a)(1) ("a person who has been convicted of a murder of the first degree … shall be sentenced to death **or to a term of life imprisonment** in accordance with 42 Pa.C.S. § 9711." (emphasis added)). **See also Commonwealth v. Yount**, 615 A.2d 1316, 1321 (Pa. Super. 1992) (rejecting constitutional challenges to life imprisonment under Section 1102).

J.S45027/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2016