J-A04042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND WILLIAMS | : | |
| | : | |
| Appellant | : | No. 890 EDA 2020 |

Appeal from the PCRA Order Entered January 23, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0303741-1992

BEFORE: STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: January 28, 2021

Raymond Williams (Williams) appeals *pro se* from the denial of his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-9546, in the Court of Common Pleas of Philadelphia County following remand from this Court. We affirm.

**I.**

We take the following factual history and procedural background from our independent review of the certified record and this Court's February 7,

---

[*] Retired Senior Judge assigned to the Superior Court.

2019 opinion. On January 17, 1992, after an argument, Williams shot the victim in the neck at point blank range, killing him. On January 13, 1993, at the conclusion of a bench trial, the trial court convicted him of First-Degree Murder and Possession of an Instrument of Crime[1] and sentenced him to a mandatory term of life imprisonment. This Court affirmed his judgment of sentence on direct appeal and Williams did not move for an allowance of appeal in the Pennsylvania Supreme Court.

On February 14, 1995, the PCRA court appointed Norris E. Gelman, Esquire, to represent Williams on his first PCRA petition, which the court denied. (*See* Rule 907 Notice, 4/15/19, at 1 n.1). On September 15, 2010, Williams filed a *pro se* motion for modification of sentence *nunc pro tunc* which the trial court denied on October 22, 2010. On November 17, 2010, Williams filed a notice of appeal, which he discontinued on June 27, 2011.

On April 15, 2014, Williams filed a motion for modification of sentence *nunc pro tunc* in which he alleged that his sentence of life imprisonment was illegal because it does not contain a minimum sentence pursuant to Section 9756 of the Sentencing Code.[2] (*See* Motion for Modification of Sentence *Nunc*

---

[1] 18 Pa.C.S. §§ 2502(a), 907, respectively.

[2] Section 9756 of the Sentencing Code provides, in pertinent part that "The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S. § 9756(b)(1). Further, "except where a mandatory minimum sentence of imprisonment or total confinement is required by law, the court shall, at the time of sentencing, state whether or not the defendant is eligible to participate in a reentry plan at any time prior to the expiration of the minimum sentence." 42 Pa.C.S.

*Pro* Tunc, 4/15/14, at 2-3). On December 14, 2017, the trial court treated the motion as an untimely post-sentence motion and denied it for lack of jurisdiction.

In his appeal of that order, Williams repeated his claim that the court imposed an illegal sentence because it did not contain a minimum term he claims is required by Section 9756 of the Sentencing Code. On February 7, 2019, this Court concluded that the court erred when it failed to treat Williams' April 15, 2014 motion as a PCRA petition. We observed that, although we could affirm the court's order on the basis that the April 15, 2014 petition was patently untimely, we declined to do so because, at that time, it was unclear from the record whether this was Williams' first PCRA petition, thus entitling him to the appointment of counsel. We remanded to the PCRA court "to proceed under the dictates of the PCRA regarding Appellant's April 15, 2014 motion, and to determine whether Appellant is entitled to the appointment of counsel."[3] (***Commonwealth v. Williams***, 2019 WL 473656, unpublished memorandum, at *2 (Pa. Super. filed Feb. 7, 2019).

---

§ 9756(b)(3). "[T]he term 'reentry plan' is a release plan that may include drug and alcohol treatment, behavioral health treatment, job training, skills training, education, life skills or any other condition deemed relevant by the court." 42 Pa.C.S. § 9756(e).

[3] "[G]enerally speaking, an indigent petitioner is entitled to the appointment of counsel on his first post-conviction attack of his conviction." ***Commonwealth v. Stout***, 978 A.2d 984, 988 (Pa. Super. 2009) (citation omitted).

- 3 -

Following remand, the court reviewed Williams' April 15, 2014 motion "under the dictates and limitations imposed by the [PCRA]" and issued a Rule 907 notice advising Williams that the PCRA petition was untimely since it was filed approximately 20 years after his judgment of sentence became final, that he failed to plead and prove a timeliness exception, and that he was not entitled to the appointment of counsel because Attorney Gelman had been appointed for his first PCRA petition. (*See* Rule 907 Notice, 4/15/19, at 1); *see also* Pa.R.Crim.P. 907(1).

Williams responded to the Rule 907 Notice, arguing that the trial court and Superior Court intentionally failed to provide the entire certified record for the tribunal's consideration for his previous PCRA appeal and purposely delayed consideration of his motion, affecting his appellate rights. (*See* Response to Rule 907 Notice, 4/25/19, at 2-3). The PCRA court dismissed the petition as untimely. Williams timely appealed.[4] He and the court have complied with Rule 1925. *See* Pa.R.A.P. 1925.

## II.

On appeal, Williams claims that the PCRA court failed to treat his motion as a first PCRA petition and conduct a hearing to determine if he is entitled to counsel pursuant to this Court's remand order, erred in considering his motion

---

[4] Our standard of review of the denial of a PCRA petition is whether the record supports the court's findings of fact and is free of legal error. *See* *Commonwealth v. Chambers*, 852 A.2d 1197, 1198 (Pa. Super. 2004), *appeal denied*, 871 A.2d 188 (Pa. 2005).

under the PCRA because his illegal sentencing claim is not cognizable under the PCRA, and failed to *sua sponte* correct the "patent error and/or obvious mistake" contained in the sentencing order. (Williams' Brief, at 4-5). Williams is due no relief.

**A.**

As a preliminary matter, we reiterate that the only issue Williams raised in his motion for modification of sentence *nunc pro tunc* was that the trial court imposed an illegal sentence when it sentenced him to a flat term of life imprisonment without providing a minimum sentence. (***See*** Motion for Modification, at 2-3); (***see also Williams***, ***supra*** at *1) ("Appellant alleges that his sentence is illegal because it does not contain a minimum sentence."). We remanded to the PCRA court, expressly directing that the court consider Williams' illegal sentencing claim pursuant to the dictates of the PCRA and determine whether Williams was entitled to the appointment of counsel on his petition. (***See Williams***, ***supra*** at *1); ***see also*** 42 Pa.C.S. §§ 9542, 9545(b)(1).

On remand, the PCRA court acted pursuant to this Court's order, determining that Williams was not entitled to the appointment of counsel because the court previously had appointed counsel for his first PCRA petition[5]

---

[5] Williams claims that the court erred in not holding a hearing to determine if he was entitled to counsel. (***See*** Williams' Brief, at 12). First, he fails to provide any pertinent law or discussion thereof to support a claim that he was entitled to a hearing on this issue. ***See*** Pa.R.A.P. 2019(a)-(b). Moreover, a PCRA petitioner generally is entitled to appointed counsel only on his first

and that he was not entitled to relief on his untimely second PCRA petition. (**See** PCRA Court Opinion, 6/09/20, at 3). Hence, on remand, the PCRA court considered the motion under the PCRA as directed in this Court's order.[6] **See Commonwealth v. Sepulveda**, 144 A.3d 1270, 1280 (Pa. 2016) ("[U]pon remand from a higher court, the lower court shall proceed in accordance with the judgment or other order of the appellate court[.]") (citing Pa.R.A.P. 2951).

**B.**

Further, after our own independent review, we conclude that the court properly found that Williams' illegal sentencing claim fell within the PCRA,[7]

---

petition. **See Stout, supra** at 988. Here, the PCRA court stated that it appointed counsel on Williams' first PCRA petition, a fact for which a hearing is not required, and Williams does not plead that the court's representation is false or that it abused its discretion in not holding a hearing on this issue. **See Commonwealth v. Maddrey**, 205 A.3d 323, 327 (Pa. Super. 2019), *appeal denied*, 205 A.3d 323 (Pa. 2019) (PCRA court's decision on whether to hold a hearing is within its discretion).

[6] Inexplicably, Williams also concedes that the court treated his motion as a PCRA petition pursuant to this Court's order. (**See** Williams' Brief, at 12) ("The only part of the [Superior Court's] order the lower court complied with was to treat [his] Motion under the dictates of the PCRA.") (unnecessary capitalization omitted).

[7] This Court implicitly found this when we concluded that the court should have treated Williams' motion for modification as a PCRA petition and remanded for the court to consider Williams' motion pursuant to the dictates of the PCRA. "[U]pon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court." **Commonwealth v. Yarris**, 731 A.2d 581, 585 (Pa. 1999) (citation omitted). We include our brief independent conclusion to provide a full review.

and that his post-conviction request for relief was untimely, with no exception pleaded and proven.

It is well-settled that the PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. When an action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S. § 9542. "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (citation and footnote omitted).

This time-bar implicates the subject matter jurisdiction of the courts, and a petitioner cannot escape this time-bar by titling his request for relief as something other than a PCRA petition. *See Yarris*, *supra* at 586; *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013). "[L]egality of sentence is always subject to review within the PCRA," although "claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (citation omitted). These exceptions include: (1) that the failure to raise the claim earlier was the result of governmental interference; (2) that the facts upon which the claim is predicated were unknown to petitioner and could not be discovered

through due diligence; and (3) that a constitutional right recognized by the United States or Pennsylvania Supreme Court after the time for filing a timely petition that has been held by that Court to apply retroactively. **See** 42 Pa.C.S. § 9545(b)(1).

Here, Williams' motion for modification raised an illegal sentence challenge, claiming that the trial court erred in imposing a life sentence without including a minimum pursuant to Section 9756 of the Crimes Code. This is a cognizable PCRA claim. **See** 42 Pa.C.S. § 9542. Having been filed approximately 20 years after his judgment of sentence became final in 1994, at the expiration of the time for him to file a petition for allowance of appeal in the Pennsylvania Supreme Court, there is no question that Williams' motion for modification was untimely. **See** 42 Pa.C.S. § 9545(b)(1). The motion did not plead or prove any timeliness exceptions. As a result, the record supports the PCRA court's denial of Williams' post-conviction motion for modification as untimely. **See Chambers**, **supra** at 1198.[8]

## C.

However, in his appeal to this Court, Williams attempts to get a "second bite at the apple" by arguing that the court should not have treated his motion

---

[8] Moreover, the claim would lack merit. Pursuant to Section 1102(a) of the Crimes Code, "a person who has been convicted of a murder of the first degree … shall be sentenced to death or to a term of life imprisonment." 18 Pa.C.S. § 1102(a). Hence, the court did not illegally sentence Williams to a term of life imprisonment. Relatedly, any claim that the court should have *sua sponte* amended the order for an alleged error lacks merit.

for modification as a PCRA petition. He reframes his issue as a "void for vagueness" challenge to the language of Section 1102(a) of the Crimes Code and, thus, not a cognizable PCRA claim pursuant to **Commonwealth v. Smith**, 194 A.3d 126 (Pa. Super. 2018), *appeal denied*, 208 A.3d 64 (Pa. 2019), and **Commonwealth v. Woo**, 2019 WL 2024877 (Pa. Super. filed May 8, 2019) (unpublished memorandum).[9] (**See** Williams' Brief, at 11, 13).

Because at no time prior to this appeal did Williams challenge the language of Section 1102(a) and argue that his claim was not cognizable under the PCRA,[10] this issue is not preserved for our review. **See** Pa.R.A.P. 302(a); **Commonwealth v. Johnson**, 33 A.3d 122, 126 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) ("It is axiomatic that claims not raised in the trial court may not be raised for the first time on appeal.") (citation omitted); **see also** 42 Pa.C.S. § 4144(b) ("For purposes of [the PCRA] an issue is waived if the petitioner could have raised it but failed to do so before

---

[9] "[A]n unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019 … may be cited for [its] persuasive value." Pa.R.A.P. 126(b).

[10] Williams faults the PCRA court for not recognizing **Smith** and **Yoo** to go beyond this Court's remand order and decide that his new illegal sentence issue was not a proper PCRA claim. (**See** Williams' Brief, at 10, 13). However, our remand order limited the court to considering Williams' motion for modification under the PCRA. The new illegal sentence claim challenging the statute itself was not raised in the motion, and even if Williams raised it on remand (which he did not), the PCRA court did not have the discretion to permit Williams to raise new claims outside the remand order's scope. **Sepulveda**, **supra** at 1280.

trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). Moreover, Williams would be due no relief.

We are aware that in **Smith**, the appellant argued that Section 1102 of the Crimes Code was void for vagueness because it "ostensibly does not provide adequate notice that the penalty of 'life imprisonment' means life imprisonment without the possibility of parole." **Smith**, **supra** at 135; **Woo**, **supra** at *2. The **Smith** Court held that such a claim did not raise an illegal sentence claim under the PCRA. **See Smith**, **supra**, at 138; **but see Woo**, **supra** at *3 (finding **Smith** inapplicable because Woo challenged the authority of the trial court to impose a sentence of life without the possibility of parole). Here, we find Williams' attempt to bootstrap the "void for vagueness" claim in **Smith** to his illegal sentence claim to take it out of the province of the PCRA to be wholly unpersuasive where this Court has found that the language of Section 1102(a) is unambiguous, and that the sentence of life imprisonment is a mandatory minimum sentence that does not violate Section 9756. **See Commonwealth v. Yount**, 615 A.2d 1316, 1318 (Pa. Super. 1992), *appeal denied*, 631 A.2d 1007 (Pa. 1993); **see also Commonwealth v. Lewis**, 718 A.2d 1262 (Pa. Super. 1998), *appeal denied*, 737 A.2d 1224 (Pa. 1999) (discussing the holding of **Yount**). Based on our precedent then, even if properly preserved and considered as a post-sentence motion, Williams' claim that Section 1102(a) is vague because it is not clear from its language that no minimum will be imposed pursuant to Section 9756 lacks merit.

**D.**

Williams also maintains that the PCRA court erred in failing to timely adjudicate his April 15, 2014 motion for modification of sentence *nunc pro tunc* or act on this Court's remand order within 120 days pursuant to Pennsylvania Rule of Criminal Procedure 720(B)(3), "thus depriving [him] his right to a proper [appellate] review." (**See** Williams' Brief, at 10) (unnecessary capitalization omitted); (**see also id.** at 13).

First, the issue of the court's allegedly untimely December 14, 2017 decision on the motion for modification is waived where Williams could have raised it in his first appeal of the court's order and failed to do so. **See** 42 Pa.C.S. §§ 9543(b)(1), 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Second, Williams' reliance on Pennsylvania Rule of Criminal Procedure 720 is meritless. Rule 720(A)(1) provides, in pertinent part, that "a written **post-sentence motion** [to modify sentence] shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A) (emphasis added); **see id.** at 720(B)(1)(a)(v). "[T]he judge shall decide the post-sentence motion … within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law."

Pa.R.Crim.P. 720(B)(3)(a). That is the only effect of a trial court not deciding the motion within 120 days.

Third, Williams' sentence was imposed by the trial court and affirmed by this Court over 20 years prior to Williams filing his motion to modify sentence, many years beyond the ten-day deadline of the sentence's entry and its finality. *See* Pa.R.Crim.P. 720(A).

Fourth, his motion raised an illegal sentence claim cognizable under the PCRA, not a post-sentence motion. *See* 42 Pa.C.S. §§ 9542, 9543(b)(1). Hence, Rule 720, Post Sentence Procedures, was not applicable.

Fifth, even were we to liberally construe Williams' claim that the court's delay in deciding his motion as an attempt to claim the governmental interference exception pursuant to Section 9545(b)(1)(i), Williams still would be due no relief. To "fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. Super. 2008). Here, even if we ignore all the other reasons his claim lacks merit and construed it as an attempt to raise the governmental interference claim, Williams' failure to raise his illegal sentencing claim until approximately 20 years after his sentence became final was not caused by any delay by the PCRA court's later delay in deciding the claim.

Finally, Williams has failed to explain how he was prejudiced by the order's late filing where the request for relief was patently untimely, lacked merit and he received full appellate review. Williams is due no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/21