IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bert Hudson, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 364 M.D. 2021 |
| | : | Submitted: July 22, 2022 |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | |
| | : | |
| Respondent | : | |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  August 30, 2023

Bert Hudson (Inmate), *pro se*, filed a petition for review (Petition) in our original jurisdiction, challenging the decision of the Pennsylvania Board of Probation and Parole (Board),[1] which determined that he is not eligible for consideration for release on parole pursuant to Section 6137(a)(1) of the Prisons and Parole Code (Parole Code),[2] because he is serving a life sentence for second-degree murder.  The Board filed preliminary objections seeking dismissal of the Petition

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board before this action commenced.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§6101, 6111(a).

[2] 61 Pa. C.S. §6137(a)(1).  Section 6137(a)(1) of the Parole Code provides, in relevant part, that the Board may parole any offender subject to parole guidelines, "except an offender condemned to death or serving life imprisonment."

with prejudice for lack of jurisdiction, failure to name a proper party, failure to exhaust a statutory remedy, and failure to state a claim for relief (demurrer).[3] Because our Courts have held that parole consideration is not available for individuals sentenced to life imprisonment for second-degree murder, on statutory or constitutional grounds, we sustain the Board's preliminary objections asserting a demurrer and a lack of jurisdiction and dismiss the Petition.[4]

Inmate has previously petitioned this Court for review of the Board's denial of parole consideration, in which our Court sustained the Board's demurrer and dismissed the petition.[5] Our Supreme Court considered Inmate's appeal in *Hudson v. Pennsylvania Board of Probation and Parole*, 204 A.3d 392 (Pa. 2019) (*Hudson I*), and affirmed our decision. The relevant background is not in dispute.

> In 1978, [Inmate] burglarized a home and shot two individuals with a handgun, killing one of them. He was convicted of second-degree murder, *see* [Section 2502(b) of the Crimes Code,] 18 Pa. C.S. §2502(b), and related offenses. *See Commonwealth v. Hudson*, [] 414 A.2d 1381, 1389 ([Pa.] 1980). The court imposed a sentence of life imprisonment on the murder conviction, *see* [Section 1102(b) of the Crimes Code,] 18 Pa. C.S. §1102(b) (requiring a "term of life imprisonment" for second-degree murder), and a separate, consecutive sentence of [15-30] years on the other convictions, to be served first. [Inmate] completed this latter sentence in 2009, and is now serving his life sentence for second-degree murder.

---

[3] The Board also filed a preliminary objection for lack of proper service, which the Board withdrew after Inmate properly served all parties. This preliminary objection is no longer before the Court. *See* Order dated February 28, 2022.

[4] Because of our disposition, we need not reach the Board's preliminary objections for failure to name a proper party or failure to exhaust a statutory remedy.

[5] *See Hudson v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 444 M.D. 2017, filed May 29, 2018).

In 2017, [Inmate] applied for parole. The [Board] denied his application on the basis that his life sentence had no minimum date. After exhausting administrative remedies, [Inmate] filed a petition for review in the Commonwealth Court's original jurisdiction, contending that because the common pleas court had failed to specify a minimum sentence, he should be deemed to have an implied minimum of one day of confinement. [Inmate] thus asked the court to direct the Board to review him for parole.

*Hudson I*, 204 A.3d at 394.

In 2021, Inmate again applied for parole, which the Board denied because he is serving a life sentence and is "therefore not eligible for parole consideration based upon 61 Pa. C.S. §6137(a)." *See* Petition at 10. In his Petition, Inmate presents 10 questions for our review, which we summarize for clarity.

Inmate argues that *Castle v. Pennsylvania Board of Probation and Parole*, 554 A.2d 625, 628 (Pa. Cmwlth. 1989), was wrongly decided when our Court held that the imposition of a life sentence for second-degree murder was a minimum sentence, not a maximum sentence, and that the petitioner was not entitled to parole consideration. Inmate maintains that he is entitled to an implied minimum sentence of one day under *Commonwealth v. Ulbrick*, 341 A.2d 68 (Pa. 1975). Inmate further argues that because Section 9765(c) of the Sentencing Code, 42 Pa. C.S. §9756(c), prohibits parole consideration for certain summary offenses but does not prohibit parole consideration for a life sentence, he should be eligible for parole consideration. He further argues that Section 6137(a) of the Parole Code should not be interpreted as denying him parole consideration because Section 1102(b) of the Crimes Code requires a mandatory sentence of "life imprisonment" for a person convicted of second-degree murder, but does not include the words "life imprisonment without the possibility of parole." On the basis of his statutory

3

arguments, Inmate objects to our Supreme Court's decision in *Hudson I*, 204 A.3d at 399, as wrongly decided. *See* Petition at 13-17, Questions 1 through 7.[6]

Inmate further argues that Section 1102(b) of the Crimes Code, Section 9756(c) of the Sentencing Code, and Section 9721 of the Sentencing Code, 42 Pa. C.S. §9721, are unconstitutionally void for vagueness because they fail to specify that a life sentence for second-degree murder excludes the possibility of parole. *See* Petition at 17, Question 9. Finally, Inmate argues that a mandatory life sentence without the possibility of parole for second-degree murder is unconstitutional as cruel and unusual punishment.[7] *See* Petition at 17, Question 10.

The Board asserts a demurrer of Inmate's statutory claims pursuant to Pa.R.Civ.P. 1028(a)(4), based on the Supreme Court's analysis of the same questions in *Hudson I*. The Board seeks to dismiss his constitutional claims for lack of jurisdiction pursuant to Pa.R.Civ.P. 1028(a)(1). The Board argues that Inmate is attacking the legality of his sentence under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§9541-9546, over which this Court lacks jurisdiction. The Board

---

[6] Although Inmate describes Question 8 as a "constitutional" question, his averments in support of this question reiterate his statutory arguments in Questions 1 through 7, which we need not repeat. *See* Petition at 16, 59-69.

[7] As best we can ascertain, Inmate argues that his sentence violates the prohibition against cruel and unusual punishment in the United States Constitution, which provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The Eighth Amendment is made applicable to the states through the Fourteenth Amendment[, U.S. Const. amend. XIV]." *Commonwealth v. Real Property & Improvements Commonly Known as 5444 Spruce Street*, 832 A.2d 396, 399 (Pa. 2003). Article I, section 13 of the Pennsylvania Constitution, Pa. Const. art. I, §13, also prohibits cruel and unusual punishment. Article I, section 13 states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Our courts have repeatedly held that the Pennsylvania prohibition against cruel and unusual punishment is coextensive with the prohibition against cruel and unusual punishment in the United States Constitution. *See Commonwealth v. Elia*, 83 A.3d 254, 267 (Pa. Super. 2013).

argues that the plain language of Section 761(a)(1)(i) of the Judicial Code, 42 Pa. C.S. §761(a)(1)(i), provides that this Court shall have original jurisdiction of all civil actions against the Commonwealth, except for "actions or proceedings in the nature of a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court." The Board relies upon *Commonwealth v. Moore*, 247 A.3d 990 (Pa. 2021), and *Dockery v. Wolf*, 259 A.3d 566 (Pa. Cmwlth. 2021), which both held that claims similar to the ones raised by Inmate are in the nature of applications for post-conviction relief, and the Commonwealth Court lacked original jurisdiction over these applications.

Inmate responds that *Hudson I* was wrongly decided, and that his interpretation of the relevant statutes is correct. He also opposes the Board's characterization of his claims as sounding under the PCRA, arguing that he is not challenging the legality of his sentence but is instead challenging the statutory and constitutional bases for denying him parole consideration.

The standard for consideration of preliminary objections is as follows.

> In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts. However, we "are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion." To sustain preliminary objections, "it must appear with certainty that the law will permit no recovery' and '[a]ny doubt must be resolved in favor of the non-moving party."

*Brouillette v. Wolf*, 213 A.3d 341, 350 n.9 (Pa. Cmwlth. 2019) (internal citations omitted).

We have carefully reviewed Inmate's statutory claims for parole consideration, and we conclude that these claims were raised and rejected by our

5

Supreme Court in *Hudson I*. In considering Inmate's claims in *Hudson I*, the Supreme Court considered and rejected his statutory interpretation arguments, declined to overrule *Castle*, 554 A.2d 625, and distinguished *Ulbrick*, 341 A.2d 68. *Hudson I*, 204 A.3d at 394-98. The Supreme Court concluded that, "[i]n light of the foregoing, we hold that the Legislature did not intend for Section 9756(b)'s minimum-sentence provision to apply to mandatory life sentences for second-degree murder." *Id.* at 398. The Supreme Court held that "the Board lacks the power to release on parole an inmate serving a mandatory life sentence for second-degree murder.[] That being the case, the Commonwealth Court correctly sustained the Board's demurrer and dismissed the petition for review." *Id.* at 399 (footnote omitted). Although Inmate argues that *Hudson I* was wrongly decided, we are bound by the decisions of our Supreme Court. *See, e.g.*, *Winston v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 576 M.D. 2020, filed December 2, 2021) (holding that there is no right to parole consideration for a sentence of second-degree murder).[8]

An opinion decided by a majority of our Supreme Court "becomes binding precedent on the courts of this Commonwealth." *Commonwealth v. Tilghman*, 673 A.2d 898, 903 (Pa. 1996). The majority opinion of the Supreme Court "is binding not only on the parties before us, under the doctrine of law of the case,[] but is precedent as to different parties in cases involving substantially similar facts, pursuant to the rule of *stare decisis*.[]" *Id.* at 903 (footnotes omitted). Therefore, we sustain the Board's demurrer, and dismiss Inmate's claims that Section 6137(a) of the Parole Code should be interpreted as providing him parole

---

[8] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

consideration when he is serving a mandatory life sentence for second-degree murder.

Next, we have carefully reviewed Inmate's constitutional claim that Section 1102(b) of the Crimes Code, Section 9756(c) of the Sentencing Code, and Section 9721 of the Sentencing Code are unconstitutionally void for vagueness because they fail to specify that a life sentence for second-degree murder excludes the possibility of parole. We must reject this claim because in *Moore*, 247 A.3d 990, our Supreme Court held that this claim is cognizable solely under the mandates of the PCRA, and is not within this Court's jurisdiction.

In *Moore*, our Supreme Court considered an inmate's claim that Section 1102(a) of the Crimes Code, which, like Section 1102(b) of the Crimes Code, requires a mandatory sentence of "life imprisonment," but does not specify that the life sentence is "without the possibility of parole," was unconstitutionally vague. *Moore*, 247 A.3d at 991. The Supreme Court sought to determine

> the propriety of raising a claim in a habeas corpus petition that the sentencing statute under which Appellant was sentenced is unconstitutionally vague, or if such a claim is properly considered an illegal sentence claim cognizable solely under the mandates of the [] PCRA. [] After careful consideration, we determine such a claim is an illegal sentence claim and must be brought in a PCRA petition.

*Id.*

Our Supreme Court's decision in *Moore* is binding on our Court. *Tilghman*, 673 A.2d at 903; *see also Dockery*, 259 A.3d 566. Therefore, we sustain the Board's preliminary objection for lack of jurisdiction and dismiss Inmate's constitutional claim that the statutes under which he was sentenced were void for vagueness.

7

Lastly, we have carefully reviewed Inmate's constitutional claim that imposition of a mandatory life sentence without the possibility of parole for second-degree murder constitutes cruel and unusual punishment. We must reject this argument because our Supreme Court considered and rejected this claim in *Scott v. Pennsylvania Board of Probation and Parole*, 284 A.3d 178 (Pa. 2022) (*Scott II*). In *Scott II*, our Supreme Court reviewed and affirmed this Court's decision in *Scott v. Pennsylvania Board of Probation and Parole*, 256 A.3d 483 (Pa. Cmwlth. 2021) (*Scott I*). In *Scott I*, this Court sustained the Board's preliminary objection for lack of jurisdiction and dismissed the petition because the inmates' claims challenged the legality of their sentences, were in the nature of claims seeking post-conviction relief, and were not within the Court's jurisdiction. *Scott I*, 256 A.3d at 491. We rejected the inmates' attempt to fashion their petition "in a thinly veiled attempt to forum shop through pleading, which we will not countenance." *Id.* at 492.

In *Scott II*, our Supreme Court analyzed applicable state law and analogous federal law and declined to conclude that a mandatory life sentence without the possibility of parole constituted cruel and unusual punishment. *Scott II*, 284 A.3d at 191-97. The Supreme Court affirmed this Court's dismissal for lack of jurisdiction of the inmates' claims that their sentences constituted cruel and unusual punishment, because our Court lacks jurisdiction over claims under the PCRA. *Id.* at 197. The Court concluded that "[t]he General Assembly, however, deprived the Commonwealth Court of the needed subject-matter jurisdiction to [exercise jurisdiction] since the PCRA is the only venue available for these litigants" *Id.*

Again, our Supreme Court's decision in *Scott II* is binding on our Court. *Tilghman*, 673 A.2d at 903. *See also Boyd v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 515 M.D. 2020, filed November 4, 2022). Therefore, we

8

sustain the Board's preliminary objection for lack of jurisdiction and dismiss Inmate's constitutional claim that his mandatory life sentence without the possibility of parole for second-degree murder constitutes cruel and unusual punishment.[9]

Accordingly, we sustain the Board's preliminary objections in the nature of a demurrer and for lack of jurisdiction, and dismiss Inmate's Petition.

MICHAEL H. WOJCIK, Judge

---

[9] Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a), provides that this Court shall not dismiss an erroneously filed matter for lack of jurisdiction, but shall transfer the case to the proper tribunal for consideration. We decline to transfer this case to the Court of Common Pleas of Beaver County, which would be the proper tribunal to consider Inmate's PCRA claims, because the Commonwealth, and not the Board, is the proper party to participate in post-conviction proceedings. *See Scott I*, 256 A.3d at 495 n.14, and *Scott II*, 284 A.3d at 198 n.17.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bert Hudson,                          :
                                      :
              Petitioner              :
                                      :
       v.                             : No. 364 M.D. 2021
                                      :
Pennsylvania Board of                 :
Probation and Parole,                 :
                                      :
              Respondent              :


# **O R D E R**


AND NOW, this 30<u>th</u> day of <u>August</u>, 2023, the Pennsylvania Board of Probation and Parole's preliminary objections in the nature of a demurrer and for lack of jurisdiction are SUSTAINED, and Bert Hudson's Petition for Review is DISMISSED.


_____
MICHAEL H. WOJCIK, Judge