341 A.2d 68

**COMMONWEALTH of Pennsylvania**

v.

**Elmer Herman ULBRICK, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 9, 1975.

Decided July 7, 1975.

258

Thomas F. Mcrgan, Public Defender, Clearfield, for appellant.

Richard A. Bell, Dist. Atty. William C. Kriner, Asst. Dist. Atty., Clearfield County, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

The appellant filed a petition under the Post Conviction Hearing Act challenging the legality of his sentence after his conviction of two counts of murder in the second degree. The petition was denied and this appeal followed.

██ The trial court imposed a sentence of twenty years. No minimum sentence was stated by the Court as is required by the Act of June 19, 1911, P.L. 1055, § 6, 19 P.S. § 1057. Appellant contends that the failure to announce a minimum sentence makes the sentence illegal and justifies his discharge.[1] However, imposition of a

1. Assuming arguendo the sentence to be illegal, the proper remedy would be to remand for resentencing, not discharge. *See, e. g., Commonwealth v. Swingle,* 403 Pa. 293, 169 A.2d 871, *cert. denied,* 368 U.S. 862, 82 S.Ct. 107, 7 L.Ed.2d 59 (1961).

flat sentence benefits the defendant for the minimum is then presumed to be one day and he thus becomes immediately eligible for parole. *Commonwealth v. Butler,* 458 Pa. 289, 294, 328 A.2d 851, 855 (1974); *Commonwealth v. Daniel,* 430 Pa. 642, 647 n.* 243 A.2d 400, 462 n. 6 (1968); *Commonwealth ex rel. Kehl v. Myers,* 194 Pa.Super. 522, 169 A.2d 117 (1961); *Commonwealth ex rel. Clawges v. Claudy,* 173 Pa.Super. 410, 98 A.2d 225 (1953); and Act of Aug. 6, 1941, P.L. 861, § 21, *as amended,* 61 P.S. § 331.21. Since the minimum is implied, the sentence is legal and the appellant has incurred no harm.[2]

Order affirmed.

ROBERTS, J., filed a concurring opinion.

POMEROY, J., filed a concurring opinion.

ROBERTS, Justice (concurring).

Appellant seeks in this collateral proceeding to challenge the validity of his sentence for murder in the second degree. This he could have done in a direct appeal from his judgment of sentence. Having failed to pursue a direct appeal and to prove the existence of extraordinary and unusual circumstances justifying his failure to appeal, appellant's present claim has been waived. Post-Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 3(d), 4(b) & (c), 19 P.S. §§ 1180–3(d), –4(b) & (c) (Supp.1974); *Commonwealth v. Hines,* 461 Pa. 271, 336 A.2d 280 (1975). Accordingly, I agree that appellant is not entitled to relief and therefore concur in the result.

2. The trial court modified the sentence to reflect this immediate parole eligibility. This formal modification occurred after the time permitted by statute. Act of June 1, 1959, P.L. 342, § 1, 12 P.S. § 1032. Appellant cites this late correction as an additional ground for the invalidation of his sentence. The modification, however, only verbalized that which the law already recognized.

POMEROY, Justice (concurring).

I join in the order of the Court affirming the denial of appellant's third petition for post-conviction relief, but for reasons which differ from those set forth in the Court's opinion. In my view, appellant is precluded from challenging in a new collateral proceeding the sentence which was imposed following the granting of appellant's second Post-Conviction Hearing Act petition by his failure to take an appeal from the imposition of that sentence.

On February 26, 1969, appellant was sentenced to life imprisonment upon two convictions of murder in the second degree. On September 16, 1969, he filed a petition for post-conviction relief which was denied on January 14, 1971. Appellant's second Post-Conviction Hearing Act petition, challenging his life sentence, was granted on July 20, 1971, and on July 22, 1971, the court imposed the twenty year sentence of which appellant now complains. Appellant did not appeal from this sentence.[1] Instead, he filed this third petition for collateral relief.

A person is not eligible for relief under the Post-Conviction Hearing Act if the error upon which he bases his claim has been waived. Act of January 25, 1966, P.L. (1965) 1580, § 3(d), 19 P.S. § 1180–3(d) (Supp.1974). An issue is waived if "[t]he petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act" and "[t]he petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." Id. § 4(b), 19 P.S. § 1180–4(b) (Supp.1974). "There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure." Id. § 4(c), 19 P.S. § 1180–

1. The Commonwealth took an appeal from the twenty year sentence, but its appeal was discontinued on March 17, 1972.

4(c) (Supp.1974). Because appellant has shown no extraordinary circumstances which would justify his failure to appeal from the judgment of sentence of which he now complains, he has waived his right to challenge that sentence collaterally.

Although, for the reasons stated above, I would not reach the merits of appellant's petition, I deem it appropriate to comment on the Court's treatment of the question of the "no-minimum" sentence which was meted out to appellant. If, as the Court states, imposition of a sentence without a minimum cannot possibly harm appellant, I would agree that he should not be heard to complain of it. I cannot concur, however, in the sleight of hand by which the opinion of the Court transforms a sentence which clearly does not comply with the Act of June 19, 1911, P.L. 1055, § 6, 19 P.S. § 1057, into a "legal" sentence. None of the authorities cited by the Court establish that, in the absence of a stated minimum, a minimum sentence of one day is presumed; the two Superior Court cases cited [2] stand merely for the proposition that where no harm results from the imposition of a defective sentence that sentence will not be disturbed. If a person who has received a no-minimum sentence could establish some possibility that he may be prejudiced by the lack of a minimum sentence, I would vacate the sentence and remand the case for imposition of a sentence which fulfills the requirements of the Act of 1911. See the dissenting opinion of this writer in *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974), and the concurring opinion of this writer in *Commonwealth v. Butler*, 458 Pa. 289, 328 A.2d 851 (1974).

**2.** *Commonwealth ex rel. Kehl v. Myers*, 194 Pa.Super. 522, 169 A. 2d 117 (1961); *Commonwealth ex rel. Clawges v. Claudy*, 173 Pa. Super. 410, 98 A.2d 225 (1953).