385 A.2d 1017

**COMMONWEALTH of Pennsylvania**

**v.**

**Gary MARSHALL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided April 28, 1978.

Roy H. Davis, Assistant Public Defender, Drexel Hill, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted of theft by receiving stolen property[1] and criminal conspiracy.[2] He now contends that the evidence was insufficient to prove his guilt, and that the sentences imposed were illegal.

–1–

Shortly after midnight on October 22, 1974, Officer McNichol of the Ridley Township Police stopped a blue pick-up truck driven by appellant. During the conversation that followed, McNichol observed appellant's features and dress, as well as those of appellant's passenger and of a third man who joined appellant and his passenger as McNichol was leaving.

At approximately 1:15 a. m., Officer Hall, also of the Ridley Township Police, heard a radio report of a burglary in progress at a nearby shopping mall, and almost immediately thereafter saw a blue pick-up truck towing a camper go by at a high rate of speed on a street near the mall. Pursued by Hall, the truck made a sharp turn into a side street and halted mid-way in the block; three men got out and fled through back yards. Meanwhile Officer McNichol was also

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, § 3925; 18 Pa.C.S. § 3925 (1973).

2. The Crimes Code, *supra*, § 903.

answering the radio report of the burglary at the mall. He stationed himself at a corner one block from where the pick-up truck had been abandoned. Within a minute or so three men ran by. McNichol caught the first man, and recognized him as dressed as had been the third man he had seen with the pick-up truck earlier; and although he could not catch the other two men, he recognized them as the driver (appellant) and passenger with whom he had spoken. A check of the serial number on the camper showed it had been stolen in the mall burglary.

■ The precise point of appellant's sufficiency-of-the-evidence argument is not clear. In part he seems to argue that his connection with the pick-up truck and the recently-stolen camper was not proved. This is frivolous; the geographic and temporal proximities are too close to admit of any doubt, much less a reasonable one. Appellant relies on *Commonwealth v. Garrett*, 423 Pa. 8, 222 A.2d 902 (1966), and *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973), for the proposition that evidence of the mere presence of a defendant at the scene of a crime, or even of presence coupled with flight, is insufficient to sustain a conviction. However, as the lower court observed, "far from being merely present at the scene of the crime, the defendant was seen driving the truck which carried a stolen camper." [3]

■ Appellant also argues that there was no evidence that he had conspired. However, once it is accepted that the Commonwealth proved that appellant and his two companions drove a truck towing a stolen camper, the conspiracy was sufficiently proved by circumstantial evidence—specifically, the three men's presence in the truck as it sped along

---

3. We recognize that the lower court's observation contains a slight misstatement. Appellant was not seen driving the truck while it towed the camper; rather when McNichol saw appellant driving, the camper was not attached; appellant was seen running from the truck later, when the camper was attached, but he was not then seen to have been the driver. The point is, however, immaterial, since appellant's connection with the stolen property was proved regardless of whether he was the driver at the time the camper was attached.

with the camper, and their united flight from it. *Commonwealth v. Peterson*, 251 Pa.Super. 462, 380 A.2d 872 (1977); *Commonwealth v. Minnich*, 236 Pa.Super. 285, 344 A.2d 525 (1975).

–2–

■ On the conviction for theft by receiving stolen property, appellant was sentenced to "pay a fine of $100.00, costs of prosecution, and undergo imprisonment at Camp Hill for a period of one year to be assigned to Camp Hill from the State Classification Unit at Dallas and stand committed until that sentence be complied with." N.T. 64. Appellant contends that the court should have pronounced not a fixed term, but an indefinite term with stated minimum and maximum limits. We agree. Under the Sentencing Code,[4] when imposing a sentence of total confinement, "[t]he court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 18 Pa.C.S. § 1356(b). This is in accord with Pennsylvania's system of indeterminate sentencing. *See Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976).

■■ The Commonwealth, citing the Comment to Pa.R. Crim.P. 1405, and thus by implication citing 19 P.S. § 1057,[5] argues that a minimum term is required only in cases in which the sentence imposed must be served in a state institution, and that accordingly here no minimum was required, since the sentence was only one year. There are two things wrong with this argument. First, it misreads 19 P.S. § 1057. That Act requires a minimum term in all cases of conviction of any crime "punishable by imprisonment in a State penitentiary"—whether the actual sentence imposed is to a state institution or not. The crime of theft by receiving

4. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1301 *et seq.*, added Dec. 30, 1974, P.L. 1052, No. 345, § 1, eff. in 90 days; 18 Pa.C.S. § 1301 *et seq.* (Supp.1977).

5. Act of June 19, 1911, P.L. 1055, § 6, as amended; 19 P.S. § 1057 (1964).

stolen property is punishable by imprisonment in a state institution, see 18 Pa.C.S. § 1104(1)[6] and 61 P.S. § 460.4; therefore here a minimum term was required. Second, even if 19 P.S. § 1057 supported the Commonwealth's argument, it would appear that to the extent it is inconsistent with § 1356(b) of the Sentencing Code, it has been superseded by the Code.

On the conviction for conspiracy, appellant was sentenced to a term of probation of ten years. The Commonwealth concedes, and we agree, that this was improper. Under 18 Pa.C.S. § 905(a), the conspiracy was of the same degree as the object of the conspiracy—here, a first-degree misdemeanor, see note 6, supra —and therefore was punishable by a term of probation no longer than five years. 18 Pa.C.S. § 1354(a).

The judgment of sentence is vacated, and the case is remanded for resentencing consistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

**6.** The camper was worth more than $200 but less than $2,000; therefore the theft was a first-degree misdemeanor.