394 A.2d 1040

**COMMONWEALTH of Pennsylvania**

v.

**John F. ZONA, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1978.

Decided Dec. 6, 1978.

John R. Seltzer, New Castle, for appellant.

Howard C. Klebe, Assistant District Attorney, New Castle, submitted a brief for Commonwealth, appellee.

Before PRICE, HESTER and LIPEZ, JJ.

PRICE, Judge:

Appellant was convicted in a jury trial of rape.[1]  After review of the record and consideration of the questions raised on this appeal, we find the conviction proper, and thus affirm that conviction.  Specifically, appellant raises the following three (3) questions pertaining to the trial and conviction itself:

"(1) Was the evidence sufficient to sustain the conviction of the Appellant?

(2) Should the Court have granted the Appellant's Motion for a mistrial because of the delay between the time the jury was sworn and the time the trial commenced?

(3) Should the Court have granted Appellant's Points for Charge?"

We find no merit to these challenges.

However, appellant also contests his present sentence as a fourth and final issue in this appeal.  That question as posed, is:

"(4) Was the re-sentence of the Court excessive as to the minimum term of sentence imposed on Appellant?"

After denial of all post-trial motions, appellant was sentenced to imprisonment for an indeterminate sentence to a maximum of five (5) years, to commence upon the expiration of his sentence then being served, and to stand committed to the Bureau of Corrections at Camp Hill for the execution of the sentence.  This sentence was imposed on February 9,

1. 18 Pa.C.S. § 3121.

1978. At some subsequent date, not specifically determinable from the record, the court below was informed that the age of appellant prohibited his confinement to the Camp Hill facility.

On April 7, 1978, the appellant was re-sentenced to imprisonment for a term of not less than two (2) years, nor more than five (5) years, and to stand committed to the Bureau of Corrections at Pittsburgh for the execution of sentence. The court below recommended that the sentence be served at Greensburg, where appellant had served an unrelated and previous sentence.

. Although this question is posed by appellant's brief in what may be termed an inartful manner,[2] we treat it as raising the issue of whether the sentence of April 7, 1978, is an enhancement of the sentence originally imposed on February 9, 1978, and thus constitutionally infirm.

▆▆ The sentence of February 9, 1978, was not an illegal sentence. Such a sentence is, however, construed to be for not less than one (1) day nor more than five (5) years. *Commonwealth v. Ulbrick*, 462 Pa. 257, 341 A.2d 68 (1975). The imposition of a minimum sentence where the original sentence did not contain a minimum sentence is an enhancement of the punishment. *Commonwealth v. Henderson*, 482 Pa. 359, 368, 393 A.2d 1146, 1151 (1978).

The sentence of April 7, 1978, is constitutionally infirm. *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971).

The conviction is affirmed, the judgment of sentence of April 7, 1978, is vacated, and the judgment of sentence of February 9, 1978, is reinstated, to be construed in accordance with this opinion.

2. We note with strong disapproval that by failure to file a brief, the District Attorney of Lawrence County was denied oral argument. And we condemn the fact that as of the writing of this opinion, there is still no brief filed by that District Attorney.