396 A.2d 796

COMMONWEALTH of Pennsylvania

v.

Robert H. KELLER, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided Jan. 18, 1979.

Norman A. Levine, Assistant Public Defender, New Castle, for appellant.

Robert T. Barletta, Assistant District Attorney, Ellwood City, for Commonwealth, appellee.

Before CERCONE, HOFFMAN and WIEAND, JJ.

PER CURIAM:

Robert H. Keller, age 19, entered a plea of guilty to theft, a misdemeanor of the first degree. On October 12, 1977, he was sentenced to serve a term of imprisonment not to exceed five years in the State Correctional Institution at Camp Hill. The trial court did not place on the record the reasons for this sentence. Keller appealed, alleging a manifestly excessive sentence.

The decision of this Court in *Commonwealth v. Phillips,* 258 Pa.Super. 109, 392 A.2d 708 (1978), is determinative. We adopt the following language from page 710 of that decision because it explains precisely our remand order in the instant case. "Our Sentencing Code mandates that when imposing a sentence of total confinement 'The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.' The Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1356, added by the Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S. § 1356(b) (1978–79). See also *Commonwealth v. Marshall,* 254 Pa.Super. 275, 279, 385 A.2d 1017, 1019 (1978). Accordingly, the

[five] year sentence is not in compliance with the Code and appellant must be resentenced. We also note that the court did not state for the record its reasons for the sentence imposed, and, in resentencing appellant, should do so. *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978)."

The judgment of sentence is vacated and the case is remanded for resentencing.