419 A.2d 596

COMMONWEALTH of Pennsylvania

v.

**Ronald Gene AESCHBACHER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed April 11, 1980.

Norman A. Levine, New Castle, for appellant.

Donald E. Williams, District Attorney, New Castle, for Commonwealth, appellee.

Before PRICE, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

The appellant, age 18, pleaded guilty to aggravated assault on October 12, 1978 and on December 11, 1978, was sentenced as follows:

THE COURT: Mr. Aeschbacher, it is the sentence of this court that you pay the cost of prosecution; a fine of $1.00 and that you undergo imprisonment in Camp Hill up to a maximum of six years.

The single issue raised on this appeal by appellant is whether the sentence is manifestly excessive so as to be an abuse of discretion by the sentencing judge. Preliminarily, however, we note that the sentence provides for a maximum term only, and not a minimum. Since the sentence appears to be illegal we have examined the issue of legality of the imposed sentence *sua sponte*, as we are permitted to do. *Com. v. Betoni*, 254 Pa.Super. 26, 385 A.2d 506, 507 (1978).

We first ascertain that there is a line of cases which have held sentences similar to the one on appeal not to be in compliance with the sentencing code and have thus remanded for resentencing. In *Com. v. Keller*, 262 Pa.Super. 362, 396 A.2d 796 (1979), in a closely similar set of circumstances it was stated at page 796:

Robert H. Keller, age 19, entered a plea of guilty to theft, a misdemeanor of the first degree. On October 12, 1977, he was sentenced to serve a term of imprisonment not to exceed five years in the State Correctional Institution at Camp Hill. The trial court did not place on the record the reasons for this sentence. Keller appealed, alleging a manifestly excessive sentence.

The decision of this Court in *Commonwealth v. Phillips*, 258 Pa.Super. 109, 392 A.2d 708 (1978), is determinative. We adopt the following language from page 710 of that

decision because it explains precisely our remand order in the instant case. "Our Sentencing Code mandates that when imposing a sentence of total confinement 'The court shall impose a minimum sentence of confinement which shall not exceed one–half of the maximum sentence imposed.' The Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1356, added by the Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S. § 1356(b) (1978–79).

*See, also, Com. v. Marshall*, 254 Pa.Super. 275, 385 A.2d 1017, 1019 (1978). On the other hand, there are cases which hold a sentence without a minimum not to be an illegal sentence, but rather construe the sentence to be for not less than one (1) day to not more than the maximum imposed. *Com. v. Zona*, 260 Pa.Super. 505, 394 A.2d 1040 (1978); *Com. v. Ulbrick*, 462 Pa. 257, 341 A.2d 68 (1975). Under these cases which include the only pronouncement of our Supreme Court on the subject we would construe the present sentence to be for one (1) day to six (6) years and then proceed to the issue of excessiveness raised on appeal. On examination, however, we feel the proper course is to follow the authority of *Phillips, Keller* and *Marshall, supra*, find the sentence illegal, and remand.

*Com. v. Zona, supra*, relied on *Ulbrick, supra*, in construing a maximum only sentence to presume a minimum sentence of one (1) day. *Ulbrick*, in turn, was a case decided under the Act of June 19, 1911, P.L. 1055, § 6, 19 P.S. § 1057. Justice Pomeroy points out in his concurring opinion in *Ulbrick* that the result of presuming a one day minimum on a flat (maximum only) sentence may be criticized as sleight of hand which transforms a sentence which did not comply with the minimum sentence provision of Act into a "legal" sentence, 341 A.2d at 69. In any event, the issue of whether these cases properly interpreted the Sentencing Law of June 19, 1911, is no longer of any moment since that Act has now been repealed by the Act of April 28, 1978, P.L. 202, No. 53 § 2(a) [955] effective June 27, 1978.

Sentencing is now governed exclusively by the Sentencing Code, Act of December 6, 1972, P.L. 1482, No. 334 as amended, which provides in part:

MINIMUM SENTENCE—The court shall impose a minimum sentence of confinement which shall not exceed one–half of the maximum sentence imposed. 18 Pa.C.S.A. 1356(b).

It seems to us that the better interpretation of the sentencing statutes is to *require* the fixing of a minimum sentence (even one day) as well as a maximum. In addition, the *Keller* line of cases which we follow construe the only sentencing statute in effect at the time of sentencing in this case. This interpretation is more in keeping with the policy of having the full sentencing responsibility lodge with the trial court and it eliminates any "construction" of sentences by appellate courts. We are mindful that resentencing may under certain circumstances create issues caused by the enhancement of a sentence but that is not now before us. *See Com. v. Zona, supra; Com. v. Henderson,* 482 Pa. 359, 393 A.2d 1146 (1978); *Com. v. Silverman,* 442 Pa. 211, 275 A.2d 308 (1971). Finally, and without prejudice to the issue of excessiveness of sentence raised on this appeal, we point out to the sentencing court the requirements of *Com. v. Wicks,* 265 Pa.Super. 305, 401 A.2d 1223 (1979); and *Com. v. Doyle,* 275 Pa.Super. 373, 418 A.2d 1336 (1979).

Judgment of sentence vacated and case remanded for sentencing.