482 A.2d 658

COMMONWEALTH of Pennsylvania

v.

Dennis Lee BAUGHMAN, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 24, 1984.

Filed Sept. 28, 1984.

Blake E. Martin, Public Defender, Chambersburg, for appellant.

John F. Nelson, Assistant District Attorney, Chambersburg, for Commonwealth, appellee.

Before SPAETH, President Judge, and CIRILLO, and CERCONE, JJ.

PER CURIAM:

This is an appeal from an order dismissing, after a hearing, appellant's petition filed under the Post Conviction Hearing Act. 42 Pa.C.S.A. § 9541 *et seq.* On appeal appellant raises several issues, only one of which is properly before us.

Appellant first argues that the sentence imposed was illegal. On March 17, 1971, the defendant was sentenced to a period of incarceration of ten (10) years *flat;* no minimum being stated. Appellant contends that he is entitled to resentencing at which time both a minimum and maximum sentence must be stated on the record.

At the time of sentencing 19 P.S. § 1057 controlled the sentencing and provided, in part:

Whenever any person, convicted in any court of this Commonwealth of any crime punishable by imprisonment in a state correctional penitentiary, shall be sentenced to imprisonment therefor in any penitentiary or other institution of this state ..., the court, instead of pronouncing upon such convict a definite or fixed term of imprisonment, shall pronounce upon such convict sentence of imprisonment for an indefinite term: stating in such sentence the minimum and maximum limits thereof; and the maximum limit shall never exceed the maximum time

now for such offense; and the minimum limit shall never exceed one-half of the maximum sentence prescribed by any court.

The sentencing court found that *Commonwealth v. Ulbrick*, 462 Pa. 257, 341 A.2d 68 (1975) was "factually on all fours" with the current controversy. In both *Ulbrick* and the current case the defendant was sentenced to serve a "flat" sentence. The Supreme Court, in *Ulbrick*, by Per Curiam Opinion, held that a minimum of one day could be presumed from the imposition of the flat sentence and accordingly, resentencing was not necessary.[1]

Appellant however argues that this case should be controlled by *Commonwealth v. Craig*, 311 Pa.Superior Ct. 533, 457 A.2d 1310 (1983); *Commonwealth v. Shoemaker*, 303 Pa.Superior Ct. 242, 449 A.2d 669 (1982)[2]; and *Commonwealth v. Aeschbacher*, 276 Pa.Superior Ct. 554, 419 A.2d 596 (1980).[3] In all three cases a flat sentence was imposed in spite of the sentencing code, 42 Pa.C.S.A. § 9756(b) (formerly 18 Pa.C.S.A. § 1356(b)) which reads:

"MINIMUM SENTENCE.—The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed."

In those cases we held that the failure to state, on the record, a definite minimum required resentencing.

▋▋▋ These two separate lines of cases demonstrate that while resentencing is required under the current sentencing code where a court fails to state a minimum, such is not

---

**1.** This reasoning was also followed in *Commonwealth v. Zona*, 260 Pa.Superior Ct. 505, 394 A.2d 1040 (1978) where apparently the trial court had attempted to sentence the defendant as a youthful offender. See also footnote 2 infra.

**2.** The order of the Superior Court was vacated as the sentence there was imposed pursuant to the "Youth Offenders Act," 61 P.S. § 485 which prohibited the imposition of a minimum sentence. *Commonwealth v. Shoemaker*, 502 Pa. 573, 467 A.2d 819 (1983).

**3.** *See also Commonwealth v. Keller*, 262 Pa.Superior Ct. 362, 396 A.2d 796 (1979); *Commonwealth v. Phillips*, 258 Pa.Superior Ct. 109, 392 A.2d 708 (1978); *Commonwealth v. Marshall*, 254 Pa.Superior Ct. 275, 385 A.2d 1017 (1978).

required under the old sentencing statute pursuant to which this appellant was sentenced. In spite of the criticism of *Ulbrick, supra,* offered by both Justice Pomeroy's concurring opinion in *Ulbrick* and that offered by our court in *Aeschbacher, supra, Ulbrick* remains controlling precedent. Therefore, we are bound by such and we hold that resentencing is not required as the minimum sentence is presumed to be one day.

Appellant's remaining contentions were not raised in his petition or before the lower court. Instead, appellant raised them, of record,[4] for the first time in his *pro se* notice of appeal.[5] Counsel incorporated the additional contentions into his Rule 1925(b), Pa.R.A.P., statement.[6]

It is axiomatic that neither a trial court nor an appellate court may consider issues which are not properly presented in a PCHA petition. *Commonwealth v. Carrier,* 494 Pa. 305, 308 n. 3, 431 A.2d 271, 273 n. 3 (1981); *Commonwealth v. Zillgitt,* 489 Pa. 189, 192 n. 3, 413 A.2d 1078, 1079 n. 3 (1980); *Commonwealth v. Stokes,* 294 Pa.Superior Ct. 529, 440 A.2d 591 (1982); *Commonwealth v. Stanton,* 294 Pa.Superior Ct. 516, 440 A.2d 582 (1982). As appellant attempts to raise here, on appeal, issues not

**4.** Contained in appellant's brief is a claim that these issues were discussed by appellant and counsel prior to being raised in the notice of appeal. Such a claim dehors the record.

**5.** Counsel also filed a notice of appeal.

**6.** Such statement of reasons reads in pertinent part:
   Defendant, *pro se,* intends to raise the following issues on his appeal to the Superior Court of Pennsylvania, as shown in defendant's *pro se* notice of appeal, verified statement, and proof of service attached to Counsel's aforesaid Notice of Appeal:
   a. The guilty plea was unknowingly and unintelligently made.
   b. No transcript exists from the guilty plea.
   c. Counsel was ineffective in his representation.
   e. The issues contained in this paragraph nine, sub paragraphs a, b, and c, raise the ineffectiveness of defendant's trial counsel and post conviction hearing act counsel, the specific contents of which defendant's said counsel is unaware, and which would under the law of Pennsylvania require the appointment of new counsel for assertion.

previously directed to the hearing court, we may not review the remaining contentions.[7]

Order affirmed.

---

7. We offer no opinion as to the merits of these remaining claims or to appellant's right to raise them in a subsequent petition.