# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne Hill,               :
            Petitioner     :
                             :
           v.                :    No. 311 M.D. 2022
                             :    Submitted: December 4, 2023
Governor of the Commonwealth     :
of Pennsylvania, and Pennsylvania's   :
Board of Probation and Parole,      :
           Respondents   :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: January 23, 2024

Before this Court in our original jurisdiction are the preliminary objections (POs) of the Governor of the Commonwealth of Pennsylvania and the Pennsylvania Board of Probation and Parole (Board)[1] (collectively, Respondents), to the petition for review in the nature of a complaint titled "Complaint in Equity" (Petition) filed by Dwayne Hill (Petitioner), a *pro se* inmate currently incarcerated at the State Correctional Institution at Phoenix and serving a mandatory sentence of life imprisonment without parole (LWOP) for second degree murder.[2] Although Petitioner admittedly was 20 years old when he committed this crime, he avers in

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, 61 Pa.C.S. §§ 6101, 6111(a).

[2] *See* Section 2502(b) of the Crimes Code, 18 Pa.C.S. § 2502(b) (murder of the second degree); Section 1102(b) of the Crimes Code, 18 Pa.C.S. § 1102(b) (setting penalty for second degree murder as "a term of life imprisonment").

his Petition that he should have been viewed as a juvenile for whom the United States Supreme Court has deemed a LWOP sentence unconstitutional. *See Miller v. Alabama*, 567 U.S. 460 (2012). He also claims that Section 6137(a)(1) of the Prisons and Parole Code (the Code) providing, in pertinent part, that "[t]he [B]oard may parole . . . any offender to whom the power to parole is granted to the [B]oard . . . , except an offender condemned to death or serving life imprisonment[,]" 61 Pa.C.S. § 6137(a)(1), is unconstitutional. Petitioner further reasons that when he was sentenced to LWOP, he received an implied minimum sentence of one day of confinement and asks this Court to direct the Board to review him for parole. In their POs, Respondents allege lack of jurisdiction, improper venue, improper parties, and failure to exhaust a statutory remedy, and assert a demurrer.[3] Upon our review, we sustain Respondents' POs asserting this Court's lack of jurisdiction and dismiss the Petition.

## I.    PETITION

The pertinent facts as asserted in the Petition are as follows. In October 1991, a jury found Petitioner guilty of second degree murder and related charges for which Petitioner was sentenced to LWOP on the second degree murder conviction along with concurrent sentences on the related charges. (Petition ¶¶ 5-7.) Petitioner maintains that Section 6137 of the Code is unconstitutional as violating his right to

---

[3] *See* Pennsylvania Rule of Civil Procedure 1028(a)(1), (4), (7), (8), Pa.R.Civ.P. 1028(a)(1), (4), (7), (8).

2

equal protection,[4] to due process,[5] to be protected from cruel and unusual punishments,[6] and to protection under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12165.[7]  In reliance on the United States Supreme Court's decision in *Miller*, wherein the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," 567 U.S. at 479, Petitioner reasons that his sentence does not "bar him from review" as he had just turned 20 years old at the time of his arrest.  (Petition ¶¶ 8-11, 15.)  Petitioner states his history of mental and

---

[4] The Equal Protection Clause of the United States Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  Article 1, section 26 of the Pennsylvania Constitution states that "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."  Pa. Const. art. I, § 26.

[5] The Due Process Clause of the United States Constitution provides that "[n]o State . . . shall . . . deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. XIV, § 1.  Article I, section 9 of the Pennsylvania Constitution states, in relevant part, that "the accused . . . cannot . . . be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land."  Pa. Const. art. I, § 9.

[6] The Eighth Amendment to the United States Constitution states:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  Article I, section 13 of the Pennsylvania Constitution is nearly identical, stating: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."  Pa. Const. art. I, § 13.

[7] Section 202 of the ADA, relating to public services, provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  A "disability," with respect to an individual, is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual"; "a record of such an impairment"; or "being regarded as having such an impairment . . . ." Section 3(1) of the ADA 42 U.S.C. § 12102(1).  A "public entity" includes "any State or local government" as well as "any department . . . of a State . . . or local government."  Section 201(1)(A)-(B) of the ADA, 42 U.S.C. § 12131(1)(A)-(B).  The United States Supreme Court has held that prisons are included under the definition of a "public entity," and inmates may bring ADA claims against state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208-12 (1998).

emotional disorders, low intelligence quotient, and scientific research showing one's brain continues to develop through early adulthood, qualify him as a "child" under a "strict . . . reading of the Pennsylvania Juvenile Act" (Juvenile Act)[8] because he was under the age of 21 when he was convicted of second degree murder and had committed a delinquent act before he was 18 years old. Petitioner contends that considering him a "child" under the Juvenile Act would further the Commonwealth's goal of reforming and rehabilitating offenders and would be in line with other states wherein a sentence of LWOP is not imposed on those convicted

[8] Under the Juvenile Act, a "[c]hild" is defined as one who:

(1) is under the age of 18 years;

(2) is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years; or

(3) is under the age of 21 years and was adjudicated dependent before reaching the age of 18 years, who has requested the court to retain jurisdiction and who remains under the jurisdiction of the court as a dependent child because the court has determined that the child is:

    (i) completing secondary education or an equivalent credential;

    (ii) enrolled in an institution which provides postsecondary or vocational education;

    (iii) participating in a program actively designed to promote or remove barriers to employment;

    (iv) employed for at least 80 hours per month; or

    (v) incapable of doing any of the activities described in subparagraph (i), (ii), (iii) or (iv) due to a medical or behavioral health condition, which is supported by regularly updated information in the permanency plan of the child.

42 Pa.C.S. § 6302.

of second degree murder. (*Id*. ¶¶ 15-19.) Petitioner also argues that, in light of *Commonwealth v. Ulbrick*, 341 A.2d 68 (Pa. 1975) (*per curiam*), holding that an inmate had a presumed minimum sentence of one day of confinement where the sentencing court imposed a "flat sentence" of 20 years but failed to include a minimum sentence as required by law, *id.* at 69, "[b]ecause the [] sentencing [c]ourt failed to impose a minimum sentence, there should have been an implied minimum sentence of [one] day, making [Petitioner] eligible for parole as well." (Petition ¶ 13.) Petitioner asks this Court to hold that Section 6137 of the Code is unconstitutional and to declare that he is eligible for consideration for parole by the Board. (Petition, Wherefore Clause.)

## II.    POs

Respondents filed their POs asking this Court to dismiss the Petition with prejudice, or in the alternative transfer it to common pleas, asserting this Court "lacks jurisdiction over Petitioner's collateral attack on his sentence for murder via a strained argument about the constitutionality of 61 Pa.[C.S.] § 6137." (POs ¶ 5.) Respondents maintain Petitioner's claims sound in the nature of an application for post-conviction relief under the Post Conviction Relief Act (PCRA),[9] over which this Court lacks jurisdiction. *See* Section 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i) (excluding from this Court's original jurisdiction "actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the [C]ourt"). (POs ¶¶ 5-11.) In addition, Respondents argue the claims brought against them in the Petition should be dismissed, as they are not proper parties to the Petition because Petitioner presents a direct challenge to his LWOP sentence and alleges no

---

[9] 42 Pa.C.S. §§ 9541-9546.

5

adverse actions on the part of Respondents. (*Id.* ¶¶ 12-16.) Also, Respondents allege that Petitioner, who challenges the constitutionality of a LWOP sentence for second degree murder under 18 Pa.C.S. § 1102(b), failed to exhaust his statutory remedies under the PCRA, which is the sole means through which an individual convicted of a crime may seek collateral relief. (*Id.* ¶¶ 17-19.) Finally, Respondents posit that even if this Court was to reach the merits of Petitioner's claims, Petitioner has not stated a valid claim upon which relief can be granted, as the United States Supreme Court determined a sentence of LWOP does not constitute a cruel and unusual punishment for an adult offender. (*Id.* ¶¶ 20-22.) Respondents also point out that the Pennsylvania Supreme Court recently rejected a claim that "the General Assembly intended for second degree murder convictions to be parole eligible." (*Id.* ¶ 23 (citing *Hudson v. Pa. Bd. of Prob. & Parole*, 204 A.3d 392 (Pa. 2019)).)

## III.   DISCUSSION

Pennsylvania Rule of Appellate Procedure 1516(b) authorizes the filing of POs to an original jurisdiction petition for review in this Court. Pa.R.A.P. 1516(b). In ruling on Respondents' POs, we are mindful that

> [this Court] must accept as true all well-pleaded material allegations in the [Petition], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain [POs], it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. A [PO] in the nature of a demurrer admits every well-pleaded fact in the [Petition] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [Petition].

6

*McNew v. East Marlborough Township,* 295 A.3d 1, 8-9 (Pa. Cmwlth. 2023) (citations omitted).

### A. *Objection for Lack of Jurisdiction*

In their first PO, Respondents contend this Court lacks jurisdiction over the Petition. In support of this contention, Respondents cite Section 761(a)(1)(i) of the Judicial Code which states, in pertinent part:

a) **General rule.**--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, **except**:

(i) **actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief** not ancillary to proceedings within the appellate jurisdiction of the [C]ourt[.][10]

42 Pa.C.S. § 761(a)(1)(i) (second emphasis added). The PCRA grants jurisdiction to the courts of common pleas over "action[s] by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." Section 9542 of the PCRA, 42 Pa.C.S. § 9542. Moreover, the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist[ed] when [the PCRA took] effect, including habeas corpus and coram nobis." *Id.* (emphasis added). In determining whether the Petition presents claims "in the nature of applications for a writ of habeas corpus or post-conviction relief," 42 Pa.C.S. § 761(a)(1)(i), not within our original jurisdiction, we are guided by the Pennsylvania Supreme Court which has explained that

---

[10] Petitioner nowhere states that the Petition is ancillary to a matter pending in our appellate jurisdiction.

7

> the starting point for determining the "nature" of a given claim requires an examination of what effect the requested relief would have in light of the legal theories offered in support. In short, **if the necessary consequence of granting relief based on the supplied arguments is that the conviction or sentence is undone or otherwise modified, then the claim is in the "nature of . . . a writ of habeas corpus or post-conviction relief**[.]"

*Scott v. Pa. Bd. of Prob. & Parole*, 284 A.3d 178, 189 (Pa. 2022) (*Scott II*) (emphasis added).

Herein, Petitioner initially makes bald assertions that his sentence of LWOP is unconstitutional under multiple grounds. However, the Pennsylvania Supreme Court has held that similar arguments constitute collateral attacks on one's criminal sentence and eligibility for parole; therefore, they are subsumed under the umbrella of the PCRA. For instance, in *Commonwealth v. Moore*, 247 A.3d 990, 997-98 (Pa. 2021), the Supreme Court determined that a "void for vagueness" challenge to the constitutionality of Section 1102(a) of the Crimes Code, 18 Pa.C.S. § 1102(a), as well as a sentencing court's authority to impose a sentence of LWOP, is an illegal sentence claim cognizable under the PCRA and must be brought in accordance therewith. Also, in *Scott II* the Supreme Court affirmed this Court's previous holding in *Scott v. Pennsylvania Board of Probation & Parole*, 256 A.3d 483 (Pa. Cmwlth. 2021) (*Scott I*), that we lacked jurisdiction over petitions for review brought by individuals convicted of second degree murder seeking a declaration that Section 6137(a)(1) of the Code was unconstitutional as applied to them on the grounds that depriving them of the ability to be granted parole violated the state and federal constitutions. The Pennsylvania Supreme Court found that if this Court had "credited the legal theories argued in support of the parole eligibility claims, it would

8

necessarily invalidate the criminal punishment imposed by our 'sentencing practices.'" *Scott II*, 284 A.3d at 198.

Upon finding that a petitioner had presented similar claims and arguments in his petition for review as had been presented in *Scott I*, this Court thereafter determined we did not have original jurisdiction over the constitutional challenges to his sentence that the petitioner had raised in his petition for review. *Freeman v. Pa. Parole Bd. of Prob. & Parole* (Pa. Cmwlth., No. 238 M.D. 2021, filed Dec. 7, 2022), slip op. at 11-12.[11]  Therein, we observed the petitioner's "proper recourse was to pursue post-conviction relief in accordance with the requirements of the PCRA" and that the petitioner "may not collaterally attack [his] sentence [] by using a civil action in this Court seeking declaratory and injunctive relief." *Id.*  (citations omitted) (brackets in original).

Most recently, in *Mines v. Wolf* (Pa. Cmwlth., No. 102 M.D. 2022, filed September 8, 2023), slip op. at 2-3, this Court considered preliminary objections to *pro se* petitioners' petition for review in this Court's original jurisdiction seeking declarations that a sentence of LWOP is unconstitutional under both the federal and state constitutions as violative of their equal protection and due process rights, their right to be free from cruel and unusual punishment, and as subjecting them to *ex post facto* punishment in violation of the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions, U.S. Const. art. I, § 9; Pa. Const. art. I, § 17.  Citing Section 761(a)(1)(i) of the Judicial Code, the respondents argued this Court lacked jurisdiction over the petition as it, in essence, was a challenge to the constitutionality

---

[11] Unreported memorandum opinions of this Court issued after January 15, 2008 may be cited for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures 210 Pa. Code § 69.414(a).

of the petitioners' sentences and sounded in the nature of an application for relief under the PCRA. *Mines*, slip op. at 6-7. Relying on, *inter alia*, our decision in *Scott I*, we found that based upon the claims they presented and the relief they were seeking, the petitioners were "squarely challenging the constitutionality of their LWOP sentences and parole eligibility." *Mines*, slip op. at 8 (citing *Scott I*, 256 A.3d at 492). We stressed that the petitioners'

> requested relief is a declaration that LWOP is unconstitutional as applied to individuals sentenced based upon convictions for murder, and that such individuals should be eligible for meaningful parole review. The only way [the p]etitioners can be eligible for parole is if their LWOP sentences are altered, which necessitates post-conviction relief.

*Id.*

Petitioner also maintains that due to his intellectual shortcomings and "scientific data" that one's brain is not fully developed until the age of 21, he should be considered a "child" under the Juvenile Act and entitled to relief under *Miller*. In *Commonwealth v. Armolt*, 294 A.3d 364, 372 (Pa. 2023), the Pennsylvania Supreme Court determined that the protections of the Juvenile Act extend only to those who commit certain criminal offenses prior to the time they turned 18 years of age and are prosecuted before they reach age 21. Also, our Superior Court repeatedly has held that *Miller* is inapplicable to those who were 18 years of age or older when they committed murder and to those 18 years of age or older on the basis that their brains were not fully developed at the time they committed murder. *See*, *e.g.*, *Commonwealth v. Rodriquez*, 174 A.3d 1130, 1147 (Pa. Super. 2017) (rejecting argument that the trial court erred when imposing a sentence of LWOP on the basis that *Miller* should be extended to those 18 or older whose brains are not fully developed); *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (stating

10

*Miller* applies only to defendants "under the age of 18 at the time of their crimes" and rejecting the argument that the holding of *Miller* should be extended to persons convicted of murder who were older than 18 at the time of their crimes but who were "technical juveniles" because their brains had not been fully developed at the relevant time).[12]

Finally, with regard to Petitioner's argument that he must be presumed to have a minimum sentence of one day and, therefore, should be reviewed for parole, the Pennsylvania Supreme Court has found no merit to this type of claim. In *Hudson*, the petitioner who had been convicted of second degree murder did not dispute that pursuant to Section 1102(b) of the Crimes Code he was subject to a sentence of LWOP. However, relying on *Ulbrick*, the petitioner argued that a life sentence for second degree murder constitutes a maximum sentence that should be imposed along with a minimum sentence, and since his sentencing order did not specify a minimum sentence, he should be presumed to have received a minimum sentence of one day. *Hudson*, 204 A.3d at 396. The Supreme Court found *Ulbrick* distinguishable, for unlike a flat sentence of 20 years with no specified minimum sentence, "[a] life sentence is qualitatively different in that it expires when the prisoner dies, not after a specified number of years." *Id.* Following its analysis of Section 1102(b) of the Crimes Code and of Section 9756 of the Sentencing Code, 42 Pa.C.S. § 9756 (pertaining to sentences of total confinement), the Supreme Court considered whether parole eligibility could attach to a LWOP sentence for second degree murder. The Supreme Court ultimately held that "the Legislature did not intend for Section 9756(b)'s minimum-sentence provision to apply to mandatory life sentences for second degree murder" and that "the [Board] lacks the power to release on parole

---

[12] It is well settled that this Court may cite Superior Court cases for their persuasive value. *Commonwealth v. Monsanto Co.*, 269 A.3d 623, 653 n. 20 (Pa. Cmwlth. 2021).

an inmate serving a mandatory life sentence for second degree murder." *Hudson*, 204 A.3d at 398-99.

In light of the foregoing, we agree with Respondents that this Court lacks original jurisdiction over the Petition, and we sustain Respondents' first PO for lack of jurisdiction. We next turn to a consideration of whether this matter should be dismissed or transferred to the proper tribunal, common pleas.

### B. *Disposition upon Finding of Lack of Jurisdiction*

As noted in *Scott I*, Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), states that, generally, this Court "shall not dismiss an erroneously filed matter for lack of jurisdiction, but shall transfer the case to the proper tribunal." *Scott I*, 256 A.3d at 495 n.14. Notwithstanding this general provision, we find that transferring this matter to common pleas would not be appropriate for the reasons Respondents set forth in their POs. Specifically, Respondents are not proper parties to this action, as the Commonwealth participates in proceedings under the PCRA. *Id.* (citing Pa.R. Crim.P. 902(A)) ("A petition for post-conviction collateral relief shall bear the caption, number, and court term of the case or cases in which relief is requested . . . ."); Pa.R.Crim.P. 903(A)-(B) (explaining that, upon receipt of PCRA petition, a clerk of court shall "make a docket entry, at the same term and number as the underlying conviction and sentence . . . and . . . place the petition in the criminal case file," then "transmit a copy of the petition to the attorney for the Commonwealth"); Pa.R.Crim.P. 906(A) (providing, generally, that attorney for Commonwealth may elect to file answer or must do so if ordered by court).

Petitioner's proper recourse would be to pursue relief under the requirements of the PCRA. *Mines,* slip op. at 8.[13]

## IV.   CONCLUSION

In light of the claims Petitioner raises and the relief he seeks, we interpret the Petition as one "in the nature of [an] application[ ] for ... post-conviction relief." 42 Pa.C.S. § 761(a)(1)(i).  Given that the action is not ancillary to any proceedings within the appellate jurisdiction of the Court, we lack jurisdiction over the Petition. For the foregoing reasons, we sustain Respondents' PO asserting lack of jurisdiction. As transfer to common pleas would be inappropriate and result in an unjustifiable expenditure of judicial resources, we dismiss the Petition.

 

**RENÉE COHN JUBELIRER,** President Judge

---

[13] Since the aforementioned determination regarding Respondents' POs asserting this Court's lack of jurisdiction is dispositive of Petitioner's action, we need not address the remaining POs.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne Hill,                               :

                      Petitioner          :

                                      :

                   v.                 :   No.  311 M.D. 2022

                                      :

Governor of the Commonwealth     :

of Pennsylvania, and Pennsylvania's   :

Board of Probation and Parole,       :

                 Respondents   :

## O R D E R

**NOW**, January 23, 2024, the preliminary objection filed by Respondents asserting lack of jurisdiction is **SUSTAINED**, and this matter is **DISMISSED WITH PREJUDICE.**

_____

**RENÉE COHN JUBELIRER,** President Judge