J-S04032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO J. BUNDY | : | |
| | : | |
| Appellant | : | No. 1412 EDA 2024 |

Appeal from the PCRA Order Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0715041-1976

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 31, 2025**

Appellant, Antonio J. Bundy, appeals from the order dismissing as untimely his seventh petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.*  Upon review, we affirm.

Following a trial that concluded on December 16, 1976, a jury found Appellant guilty of second-degree murder, robbery, possessing an instrument of crime, possessing a prohibited offensive weapon, and resisting arrest,[1] arising from the robbery and knifing of a seventy-one-year-old Philadelphia man, Gavin Aninag.  On October 4, 1977, after the denial of post-trial motions, the trial court sentenced Appellant to life imprisonment for murder, with an aggregate concurrent term of thirteen and one-half to twenty-seven years'

_____

*Retired Senior Judge assigned to the Superior Court

[1] 18 Pa.C.S. §§ 2502, 3701, 907(a), 908, 5104, respectively.

imprisonment for the remaining offenses.  On May 16, 1980, our Supreme Court affirmed the judgments of sentence.  **Commonwealth v. Bundy**, 414 A.2d 130 (Pa. 1980) (*per curiam*).

Prior to the filing of his instant PCRA petition, Appellant filed two petitions under the precursor act to the PCRA, the Post Conviction Hearing Act (PCHA), the second of which was denied after a hearing, at which Appellant was represented by counsel.  He also filed six prior PCRA petitions.  Appellant filed multiple collateral review appeals, none of which resulted in a grant of relief.[2]  He also unsuccessfully appealed the denial of a motion for DNA testing that was filed pursuant to Section 9543.1 of the PCRA.  **See Commonwealth v. Bundy**, 222 A.3d 823 (Pa. Super. 2018) (table) (3123 EDA 2018), **allocatur denied**, 229 A.3d 568 (Pa. 2020) (table) (547 EAL 2019).

_____

[2] **See Commonwealth v. Bundy**, 272 A.3d 452 (Pa. Super. 2022) (table) (1270 EDA 2021) (sixth PCRA petition), **allocatur denied**, 282 A.3d 1130 (Pa. 2022) (table) (71 EAL 2022); **Commonwealth v. Bundy**, 209 A.3d 482 (Pa. Super. 2019) (table) (3221 EDA 2017) (fifth PCRA petition), **allocatur denied**, 217 A.3d 184 (Pa. 2019) (table) (62 EAL 2019); **Commonwealth v. Bundy**, 105 A.3d 41 (Pa. Super. 2014) (table) (3565 EDA 2013) (fourth PCRA petition), **allocatur denied**, 104 A.3d 1 (Pa. 2014) (table) (364 EAL 2014); **Commonwealth v. Bundy**, 47 A.3d 1235 (Pa. Super. 2012) (table) (2106 EDA 2011) (third PCRA petition), **allocatur denied**, 50 A.3d 691 (Pa. 2012) (table) (187 EAL 2012); **Commonwealth v. Bundy**, 494 A.2d 476 (Pa. Super. 1985) (table) (2873 PHL 1983) (second PCHA petition), **allocatur denied**, 415 E.D. Alloc. Docket 1985.

Appellant withdrew his initial PCHA petition on January 22, 1981.  Appeals from the dismissals of his first and second PCRA petitions, that were denied on December 18, 1989, and May 5, 1997, were dismissed for Appellant's failures to file briefs.  **See** Superior Court dockets at 458 PHL 1990 and 2293 PHL 1997.

On December 14, 2023, Appellant filed his instant, seventh PCRA petition. In it, he asserted the applicability of the governmental interference and newly-discovered fact exceptions to the PCRA's jurisdictional time-bar. *See* Seventh PCRA Petition, 12/14/23, §§ 5(i)-(ii); 42 Pa.C.S. 9545(b)(1)(i)-(ii). As for the governmental interference exception, he claimed that the murder statute at 18 Pa.C.S. § 2502 was a "made up" statute and "was not in effect and amended until April 28, 1978." Seventh PCRA Petition, 12/14/23, § 5(i). He instead suggested that he should have been sentenced only to two to twenty years' imprisonment for his murder conviction based on the 1939 Penal Code.[3] *Id.* With respect to the newly-discovered fact exception, he argued the inapplicability of Section 2502 and cited our Supreme Court's decision in *Commonwealth v. Ulbrick*, 341 A.2d 68 (Pa. 1975), to support his argument for a lesser sentence. *See* Seventh PCRA Petition, 12/14/23, § 5(ii). Appellant attached to his petition a copy of the *Ulbrick* opinion and a letter from an unnamed sender, advising him on the legislative history of Section 2502. *See* Seventh PCRA Petition, 12/14/23, § 6(B). After no action was immediately taken on his petition, Appellant filed a duplicate petition on February 21, 2024.

On March 18, 2024, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 because the

---

[3] Offenses in the Commonwealth were subject to prosecution under the 1939 Penal Code prior to the enactment of the Crimes Code in 1972.

petition was untimely and failed to invoke an exception to the PCRA's time-bar. *See* Rule 907 Notice, 3/18/24, 1-2. The court specified that Appellant failed to articulate that a government official had actually interfered with the presentation of his claim challenging the legality of his sentence and he had failed to plead and prove his "inability, despite [his] exercise of due diligence, to obtain at a prior time the information that [his] sentence allegedly exceeded the legal maximum." *Id.* at 2. Moreover, the court found that his argument for applying the newly-discovered fact exception "constitute[d] an effort to incorrectly characterize a challenge to an unlawful sentence as a new 'fact.'" *Id.* The court also addressed the fact that Appellant failed to exercise the diligence required by 42 Pa.C.S. § 9545(b)(2) by not articulating the date on which he discovered the purported fact that his sentence was supposedly illegal.

In a *pro se* response to the Rule 907 notice, Appellant asserted that he supposedly learned of the basis of his substantive claim after he received the correspondence, dated October 2, 2023, that he attached to his petition. *Pro Se* Response to Rule 907 Notice, 4/5/24, ¶ 5. The PCRA court dismissed the petition as untimely on May 3, 2024. Appellant timely filed a notice of appeal on May 17, 2024.

Appellant presents the following questions for our review:

[I.] Ha[s] the [PCRA] court violated [its] own procedures[?]

[II.] Ha[s] the [PCRA] court violated the time[-]bar exceptions[?]

[III.] Ha[s] the [PCRA] court violated the after-discovered facts exception to the time[-]bar[,] 42 Pa.C.S. § 9545(b)(1)(ii)[?]

[IV.] Ha[s] the [PCRA] court violated [Appellant's] constitutional right for a remedy to correct the wrong done[?]

Appellant's Brief, 6 (formatting in brackets).[4]

Appellant restates his illegal sentence challenge in which he claims, based on our Supreme Court's decision in **Ulbrick**, that he only should have received a maximum ten-to-twenty-year imprisonment term for his murder conviction by applying the 1939 Penal Act. **See** Appellant's Brief, 8-9. He alleges that he has "complied" with the newly-discovered facts exception to the PCRA's jurisdictional time-bar because he filed his petition a little over two months after he received the information upon which his illegal sentence claim was based. **Id.** The PCRA court advises us that, *inter alia*, it rejected his newly-discovered facts exception claim because the existence of an allegedly illegal sentence by itself, or a failure by prior counsel to challenge the legality of his sentence, did not satisfy the statutory exception. **See** PCRA Court Opinion, 5/3/24, 2.

Our review of the denial of PCRA relief is limited to determining whether the record supports the PCRA court's ruling and whether its decision is free of legal error. **See Commonwealth v. Williams**, 196 A.3d 1021, 1026-27 (Pa.

---

[4] The PCRA court issued an opinion on the day that it dismissed Appellant's PCRA petition. The court did not thereafter issue any order directing Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

2018). Prior to reaching the merits of Appellant's substantive claim challenging the legality of his sentence, we must first consider the timeliness of his petition because it implicates the jurisdiction of this Court and the PCRA court. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). "Our law is clear that the PCRA's time restrictions are jurisdictional in nature, and '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa. Super. 2020), *quoting Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to the timeliness requirement applies. 42 Pa.C.S. § 9545(b)(1).

Here, the trial court sentenced Appellant on October 4, 1977. After our Supreme Court denied his direct review appeal on May 16, 1980, his judgment of sentence became final on August 14, 1980, where he never filed a petition for a writ of *certiorari* with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or expiration of time for seeking further review); former U.S.Sup.Ct.R. 22 (permitting ninety-day period for applying for writ of *certiorari* with United States Supreme Court; rule effective from July 1, 1970, until amended June 30, 1980, at former U.S.Sup.Ct.R. 20). Appellant thus had until May 16, 1981,

to file a timely PCRA petition.[5]  **See** 42 Pa.C.S. § 9545(b)(1).  He did not file his instant PCRA petition until December 14, 2023.

To obtain review of his facially untimely PCRA petition, Appellant was required to plead and prove the applicability of at least one of the three statutory time-bar exceptions that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Moreover, pursuant to 42 Pa.C.S. § 9545(b)(2), he needed to plead and prove that the petition was filed within one year of the date his claims for time-bar exceptions "could have been presented."  **Id.**; Appellant's Brief, 9.

Appellant argues that he "complied" with the newly-discovered facts exception at subsection 9545(b)(1)(ii).  Appellant's Brief, 9.  To establish the applicability of this exception, a PCRA petitioner must allege and offer to prove that the facts upon which the claim is predicated were not previously known to him and could not have been ascertained earlier with the exercise of due diligence.  **See Commonwealth v. Burton**, 158 A.3d 618, 619 (Pa. 2017).  Appellant asserts that he learned the basis of his claim through correspondence, dated October 2, 2023, that he received from an unidentified person.  This correspondence advised Appellant that, *inter alia*, 18 Pa.C.S. § 2502, the statute defining the crime of murder in our Crimes Code, had been

---

[5] Where, as here, a conviction became final before the effective date of the 1995 PCRA amendments, there was a one-year grace period for filing *first* petitions.  As this is Appellant's seventh petition pursuant to the PCRA, the grace period does not apply.  **See Commonwealth v. Woods**, 179 A.3d 37, 39 (Pa. Super. 2017).

enacted in March of 1974 and amended in April of 1978. Correspondence, 10/2/23, attached to Seventh PCRA Petition, 12/14/23.

Appellant's argument fails to prove that the newly-discovered fact exception applied to his claim challenging the legality of his sentence. The enactment of the statute defining the offense and degrees of murder prior to the commission of Appellant's offenses and amendment of that statute in 1978 during his direct review were nothing "new" for Appellant to cite with respect to the PCRA's statutory time-bar exceptions for purposes of his 2023 petition. That some unidentified person advised him of prior legislative history from decades prior did not establish the applicability of the subsection 9545(b)(1)(ii) exception where Appellant could have learned of any relevant changes to the murder statute decades prior with the exercise of due diligence. Moreover, our Supreme Court's decision in **Ulbrick** – upon which Appellant relies for the basis of his legality of sentence claim – could not support an argument for jurisdiction over his illegal sentence claim because it is well-settled that judicial opinions and case law do not amount to newly-discovered facts for purposes of the time-bar. **See Commonwealth v. Reid**, 235 A.3d 1124, 1148 (Pa. 2020) (holding "judicial determinations are not facts" for purposes of the section 9545(b)(1)(ii) exception).

In the absence of an applicable exception to the PCRA's jurisdictional time-bar, the PCRA court properly dismissed Appellant's petition as untimely. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although

legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/31/2025